No. 67.—NEAL LARY, plaintiff in error, *vs.* VINCENT T. HART, defendant in error.

[1.] An action of *assumpsit for money had and received*, will not lie, unless the proof shows that the money, or its equivalent, was actually received by the defendant, or his agent.

Assumpsit, &c. and motion for new trial, in Marion Superior Court. Decision by Judge IVERSON. August Term, 1852.

Neal Lary placed in the hands of Vincent T. Hart, for collection, a note on L. L. Curry, for one hundred dollars. He afterwards brought this action for money had and received, against Hart, for the amount of this note. On the trial, it was proved that Hart placed this note in the hands of Zachariah Conner, to be sent to plaintiff. Conner collected the amount of the note from Curry. Conner was considered, at the time, responsible, but afterwards absconded.

The Jury found a verdict for plaintiff. On motion, the Court below granted a new trial, on the ground that the verdict was not authorized by the evidence.

This decision is assigned as error.

DOWNING, for plaintiff in error.

E. WORRILL, for defendant in error.

*By the Court.*—LUMPKIN, J. delivering the opinion.

[1.] The facts in this case are briefly these:   Neal Lary held a note of $100 on L. L. Curry, which he placed in the hands of Vincent Hart, for collection.   Upon what terms does not appear.   Hart put the note in the hands of Zachariah T. Conner, at the time a responsible factor in Macon, to be returned to the owner, Lary.   Why he returned the note, without collecting it, does not appear.   Conner, instead of returning the note, settled it himself with Curry; whereupon, Lary brings this action for money had and received, against Hart, to recover from him the amount of the note.   The Jury having returned a verdict, upon this proof, in his favor, a motion was made and granted for a new trial, on the ground that the verdict was contrary to the law and testimony.

And that the finding was wrong, we entertain no doubt.   We will not say but that in another form of action, the plaintiff might not have recovered upon this proof.   That is not controverted.   But the question is, is he entitled to a verdict *for money had and received,* upon this proof?   We are very clear that he is not.   Had he brought case against Hart, for his culpable negligence in the transmission of the note—whereby it was lost—or for neglecting to collect it in a reasonable time, in compliance with his undertaking, and the evidence had sustained him, it would have been quite another thing; or had he shown that Conner acted as the agent of Hart, in setting this note, the verdict might have been supported.   But the very contrary is true. True, he was the agent of Hart, but it was to return the note to Lary, and not to collect it of Curry.   And upon this ground, the plaintiff must fail.   For he has read no case, nor can one be found, where a recovery has been had under these circumstances, for money had and received.   The money, or its equiv-

alent, must be received by the defendant or his agent, before he can be sued for money had and received. It is not pretended that Hart got the money; and we reiterate, that Conner was not his agent to collect, but to transmit the note to its owner; and upon this ground, the judgment of the Court below must be affirmed.