## DOYLE *vs.* McINTYRE.

Where a person loses money on a horse race, whether bet by himself or another person for him, he may sue for and recover the same from the winner, notwithstanding the winner may not have known the owner of the money, and may have believed that the person with whom he actually bet was the person to whom the money belonged.

December 21, 1883.

Gambling. Horse Races. Before Judge HARDEN. City Court of Savannah. May Term, 1883.

McIntyre sued Doyle for $150.00, which he alleged he had bet with defendant on a horse race, and lost. The evidence showed that the contract, under which the race was run and the money lost, was in writing, and signed by Doyle and one Burch, but that McIntyre furnished the money, and that Burch merely acted for him. Whether Doyle knew this or not, the evidence was somewhat conflicting; and also as to whether McIntyre had not made certain statements denying any interest in the matter, and asserting that he was merely acting for one Kinlaw.

The jury found for the plaintiff $150.00. Defendant moved for a new trial, on the following among other grounds:

(1.) Because the contract between Doyle and Burch being in writing, the court permitted plaintiff to testify that Burch merely acted for him, and to testify concerning the wager.

(2.) Because the court held that he would not require plaintiff to put the writing in evidence, although defendant offered to allow it to be so used.

(3.) Because the court charged that if Burch acted under plaintiff's directions and instructions, that would make him plaintiff's agent as to the bet.

(4.) Because the court charged that it would make no difference that the defendant was not betting with plain-

tiff, if he did so understand; that if Burch made the bet as plaintiff's agent, it would be plaintiff's bet, and he could recover it.

The motion was overruled, and defendant excepted.

DENMARK & ADAMS, for plaintiff in error.

J. R. SAUSSY, for defendant.

BLANDFORD, Justice.

Defendant in error brought his action against plaintiff in error to recover a certain sum of money which he alleged the defendant had won from him on a horse race. On the trial, the jury found for plaintiff—defendant in error,—and the defendant, who is plaintiff in error, moved for a new trial, which was refused by the court, and error is here assigned on the refusal of the court to grant the new trial prayed for.

Where a person loses money on a horse race, whether bet by himself or another person for him, he may sue for and recover the same from the winner, notwithstanding the winner may not have known the owner of the money, and may have believed that the person with whom he actually bet was the person to whom the money belonged. Code, §2753.

The verdict of the jury in this case is sustained by the evidence, and there were no errors committed by the court below in its several rulings and decisions in this case, and the judgment of the court below is hereby affirmed.

Judgment affirmed.