EDWARD MURPHY v. BENSON BIDWELL, WILLIAM D. FRENCH
AND THE UNION TRUST COMPANY OF GRAND RAPIDS.

*Mutual Aid Society—Action by member.*

A man belonged to a mutual aid society to which he paid certain moneys
which, according to the scheme of the society, were to be paid out
again to the various members. Thinking that he had received no
consideration for these payments he afterwards brought an action
as for money had and received, and sued two of the members jointly
with the society. *Held* that the joint action would not lie ; and as
the money had been disposed of with plaintiff's consent the form of
action seems inappropriate.

Case made from the Superior Court of Grand Rapids.
(Parrish, J.) Jan. 18.—Jan. 29.

ASSUMPSIT. Defendants had judgment. Affirmed.

*Holmes & Hine* and *W. W. Taylor* for plaintiff.

*D. E. Corbitt* for defendants.

CAMPBELL, J. This is an action in the nature of an action
for money had and received, to recover back, as paid with-
out legal consideration, certain moneys paid by instalments
upon a membership contract with the defendant company,
asserted to be beyond the corporate powers.

The company was organized as a mutual benefit society
under the statutes [How. St. ch. 118], to provide for pay-
ing benefits in case of death or sickness, and its articles are
to that effect. The agreement in question, dated August
30, 1882, made plaintiff a member of a class of persons
organized by the company, and provided for an entry fee of
five dollars, and further instalments of fifteen dollars a
month 'until full payment should be made of $200. It was
then provided that in consideration of these payments, plain-
tiff should receive in the order of his certificate, out of the
contributions of members the sum of $600, less 5 per cent.
and less $170 retained as security fund,—or in all $400.

The declaration sets out various fraudulent representations whereby plaintiff was induced to make the contract, but its only ground of action is the legal invalidity of the company's promise.

The court below held he had no cause of action, because the contract on its face, and the evidence which he put in, so far identified the plaintiff with the scheme as to prevent him from now complaining of it, as any worse than he had reason to believe it.

Without saying whether there is anything in this ruling open to objection, it is clear that he cannot recover in this suit. He has joined two separate individuals with the company as having received money to his use. As the ground of action is based on the company's reception of money without consideration, and as by the terms of his contract all money was to be paid over to the company and distributed among the various subscribers, there is no joint liability asserted or made out. Bidwell and French had no joint functions as receivers of money, and most of it was not paid to either. Whatever either or both may have done, they have never held money jointly with the company or with each other. The action is entirely misconceived. It is also apparent from plaintiff's showing, that whatever money he paid over was expected to be paid out to other persons and not to be retained, and it is not obvious how this particular action will lie for money which has been disposed of by his consent.

We need not, therefore, consider whether he is cut off by his own fault from complaining in any shape for the wrong which he supposes was done to him. He cannot recover in this particular action.

The judgment must be affirmed with costs.

The other Justices concurred.