Filed Jan. 17, 1888.

———◆———

No. 12,913.

CONDON v. THE STATE, EX REL. REED.

GAMING.—*Recovery of Money Lost.*—*Liability of Proprietor of Gambling-House.*—Money lost by betting on any game may be recovered under sections 4951 and 4953, R. S. 1881, in an action against the proprietor of the gambling-house and of the business therein conducted, although the gaming at which the money was lost took place in the absence of the proprietor, with his agents or confederates.

From the Cass Circuit Court.

*S. T. McConnell* and *D. B. McConnell*, for appellant.

*D. H. Chase* and *J. M. Justice, Jr.*, for appellee.

MITCHELL, C. J.—Section 4951, R. S. 1881, provides, in substance, that any one who, by betting on any game, shall lose to any one any money or valuable thing, may recover the same, with costs of suit, within six months next following the date of such loss.

It is provided in section 4953 that, in case the losing party fails to sue within the time prescribed, it shall be the duty of the prosecuting attorney, upon information, to bring suit and recover the money for the benefit of the wife or minor children, or, in case there are none, for the benefit of the common schools.

This was a suit by the prosecuting attorney, in the name

of the State, on the relation of Rhoda E. Reed, against John Condon, to recover thirteen hundred dollars, which the complaint alleges that Noble E. Reed, the husband of the relatrix, lost to the defendant, Condon, by wagering on the game of faro, in the house and rooms of the latter, in the city of Logansport. The complaint charges that the money so lost belonged to the relatrix, the same being at the time it was wagered in the possession of her husband as her trustee. It was alleged that the husband refused to sue. There was a verdict and judgment for the relatrix.

One question, which comprehends all that is in the case, is this: Assuming, what is nowhere disputed, that Condon was the proprietor of the gambling-house, and of the business therein conducted, in which Reed wagered and lost his wife's money, may the recovery be maintained, notwithstanding the evidence shows that the betting or gaming at which the money was lost was actually had and carried on in the absence of Condon, with his agents, employees or partners? Without any hesitation this question must be answered in the affirmative. There are no possible circumstances under which it can be lawful to either keep a house or rooms for gambling purposes, or to play or bet at or upon any game or wager. Sections 2079, 2081, R. S. 1881.

Any person, therefore, who keeps a house or room for such a purpose, and, either by himself or through the agency of others, plays or bets at or upon any game or wager, and wins money or other thing of value from others, is a person to whom such money or other thing is lost. It is quite true, there can be no agents or partners, technically speaking, in a criminal enterprise or in the commission of a crime. It by no means follows that one may employ another to conduct an unlawful business or criminal undertaking for him, and then escape liability under the pretext that persons can not assume the relationship of agents or partners to each other in the commission of crime. The law solves the difficulty by regarding all as principals. Those who employ and those

who are employed in such a business, instead of coming into the relation of principal and agent to each other, simply become confederates in crime, and each is as much liable for the acts of the other as if he had performed the whole himself.    *McKee* v. *State*, 111 Ind. 378.

Where a business is lawful, when lawfully conducted, but a particular act in the course of the business is alleged to have been done in violation of law, the person charged may escape liability if it appears that the unlawful act was the act of an agent, done without the knowledge or consent of the principal, and against his orders and direction.

The present is not such a case.    Here the principal was bound to know that he could not proceed a step, either in person or by an agent, without violating the law.    It is of no consequence that the alleged employee, who actually dealt the cards and took in the relatrix's money, may be liable also ; nor does it help the appellant's case to show, upon authority, that the latter could not have compelled, or can not hereafter compel, the agent to account to his principal for the money thus won.

In *Doyle* v. *McIntyre*, 71 Ga. 673, it was held that the owner of money lost by betting on a horse race might recover it from the winner, although the latter made the bet with another, who was supposed by the winner to be the owner of the money.

There was no error.    The judgment is affirmed, with costs.

Filed Dec. 28, 1887.