## COWART *et al. v.* FENDER.

1. Where several persons conspire to defraud one of his money, without consideration, but do not jointly receive the money so obtained, but in different amounts and on different dates, suit may be brought in tort jointly against the defendants in the county of the residence of either of the tort-feasors (the act of one being the act of all) to recover the amount of money so secured; or, waiving the tort in such case, the action may be brought in assumpsit for money had and received, in the county where each defendant may reside, and the plaintiff may recover of each defendant the amount received by him. In the latter case the recovery can not be had against all the defendants jointly, but must be from each separately.
(*a*) In such case evidence of conspiracy and fraud is admissible only to show that the person receiving the money is not entitled to keep it, but is bound in good conscience and equity to return it to the person from whom it was received.
2. There was sufficient evidence to sustain the finding of the jury that the title to the money paid the firm of Powell & Kendall was in the plaintiff.
3. Where a joint action was brought against two or more persons, in assumpsit for money had and received to the plaintiff's use, and at the close of the plaintiff's testimony the defendants moved for a nonsuit as to all the defendants, it was not error to refuse the nonsuit as to all of the defendants, if the case was made out as to some of them.
4. It is within the sound discretion of the court to determine when the foundation has been laid for secondary evidence; and the exercise of such discretion will not be controlled, unless it is abused.
5. Where, in an action for money had and received, one alleges a partnership as an essential fact necessary to a recovery, the burden is on the party affirming it to prove the existence of the partnership, and it is error in such case for the court to charge the jury, "Where the partnership is denied, the opposite party is only required to present sufficient evidence to raise the presumption of the existence of the partnership."

FEBRUARY 15, 1912.

Assumpsit. Before Judge Mitchell (on demurrer), and Judge Merrill (on trial). Colquitt superior court. December 17, 1910.

*J. R. Pottle, Shipp & Kline,* and *W. A. Covington,* for plaintiffs in error.

*E. K. Wilcox, Denmark & Griffin,* and *T. H. Parker,* contra.

HILL, J.    The plaintiff contracted with the firm of Powell & Kendall, alleged to be composed of Charles J. Kendall, M. M. Kendall, and D. B. L. Powell, to purchase a certain "turpentine farm," and paid to that firm $12,000 as part of the purchase-money. It was alleged, that the plaintiff was induced to enter into the trade by false and fraudulent representations of M. M. Kendall and W. H. C. Cunningham, knowingly made; and that the firm of Cowart & Cunningham (composed of said Cunningham and J. S. Cowart) were simply confederating with Powell & Kendall to obtain money from the plaintiff upon the false and fraudulent pretence that the last-named firm had a valid title and lawful right to sell him the property, which neither firm had, the title to the property being in the Moye Naval Stores Company.  The firm of Cowart & Cunningham had an option or contract of purchase with the owners; they contracted to sell to Powell & Kendall, who in turn made an agreement to sell to the plaintiff.  The evidence showed that M. M. Kendall, at the request of Powell & Kendall, or one of its members, was requested by that firm to aid them in making the sale to the plaintiff, and was promised for his services one third of the profits arising from such sale.  Of the $12,000 paid by the plaintiff to Powell & Kendall, $8,000 was by them turned over to the firm of Cowart & Cunningham; and the remaining $4,000 Powell & Kendall divided, one third to each of the members of that firm and one third to M. M. Kendall for his services in connection with the sale to the plaintiff.  After the failure of the parties to finally consummate the sale, the plaintiff brought a joint suit against the two firms named, in assumpsit for money had and received, to recover the $12,000 paid out by him.  M. M. Kendall, W. H. C. Cunningham, and J. S. Cowart each filed a special plea, averring that he did not belong to the respective firm of which he was alleged to be a member, and the issues as to partnership were submitted to the jury along with the entire case.  The following verdict was returned and made the judgment of the court:  "We, the jury, find in favor of the plaintiff, J. F. Fender, against each and all of the defendants, Powell & Kendall, a firm composed of M. M. Kendall, C. J. Kendall, and D. B. L. Powell, and Cunningham & Cowart, a firm composed of W. H. C. Cunningham and J. S. Cowart, the total sum of $12,000, with interest from Nov. 26th, 1905, at the rate of 7 per cent. per annum therefrom. "  The defendants

filed a motion for a new trial, and excepted to the order of the court overruling it; also assigning error in the bill of exceptions on certain pendente-lite rulings made by the court. The motion for a new trial contained numerous grounds, and only those material to be considered under the direction we deem proper to give the case are hereinafter referred to.

1. The main question is, was the action properly brought against all the defendants jointly, and in the county of the residence of one of the defendants? We think not. The plaintiffs are not suing in tort for damages against all the defendants as joint tort-feasors, where all would be jointly liable, but they waive the tort and sue the defendants in assumpsit for money had and received, on the implied contract to refund the money, which in good conscience and equity they are supposed to return. Where an action is brought in tort, every one who participated in the tort is liable as a joint tort-feasor, and the act of one is the act of all. But the plaintiff in this case waives the tort and does not sue for damages, but sues in assumpsit against all the defendants jointly for the recovery of the money alleged to have been paid by him to them. In the latter case, the rule is different from the former, and the act of one is not the act of all; and a joint action can be maintained only against defendants who have jointly received the money. Limited Inv. Assn. *v.* Glenville Inv. Assn., 99 Wis. 54 (74 N. W. 633) ; Manahan *v.* Gibbons, 19 Johns. 427; Ward *v.* Hood, 124 Ala. 570 (27 So. 245, 82 Am. St. R. 205) ; Murphy *v.* Bidwell, 52 Mich. 487 (18 N. W. 230) ; National Trust Co. *v.* Gleason, 77 N. Y. 400, 408 (33 Am. R. 632) ; Shepardson *v.* Rowland, 28 Wis. 108; Simmons *v.* Spencer, 9 Fed. 581, 582. If Fender, the plaintiff, had paid over to the two firms and M. M. Kendall the entire sum sued for jointly, not knowing how they divided it, the status would be different. But where he paid it to one firm, Powell & Kendall, as disclosed by the record, the law will not imply a promise on the part of the second firm to refund the whole amount, when it did not receive the whole amount. By what rule does the firm of Cowart & Cunningham impliedly promise to pay back the $12,000, which they have not received? Bear in mind that we are not now discussing a case of damages growing out of tort, where the rule is different, but the proposition of an implied promise to repay on a quasi-contract to return what has been actually received,

and no more. The law of tort can not be carried over into the law of contract (and especially where the tort is waived), and permit the plaintiff to recover against all of the defendants jointly, whether they received the money jointly or not. The action in assumpsit can not be jointly maintained against all of the defendants, unless the payment was jointly made to the two firms and M. M. Kendall. Where the tort is waived and the suit is in assumpsit for money had and received, evidence of conspiracy and fraud is admissible only to show that the party who received the money is not entitled to keep it, but is bound in good conscience to return whatever he did receive. If several persons conspire to defraud one of his money and succeed in receiving the money jointly, suit can be brought against all who take part in the conspiracy, in one action, and in any county where either defendant resides. It is the community of wrong committed that gives the joint right of action. And the law will imply a promise to give back to the owner money wrongfully taken; and where the wrongful or fraudulent act is joint, they are joint tort-feasors and jointly liable for their tort. But in a case of conspiracy to defraud one of his money, where the money is not received jointly but in separate amounts, and the suit to recover is in assumpsit, then each must be sued for the amount received, and in the county of his residence.

Applying the principles above announced to the facts of this case, we do not think there was such a common receipt of the money paid by Fender to the two firms, Powell & Kendall and Cowart & Cunningham, and M. M. Kendall, as would imply a *joint* promise to return it. If Powell & Kendall received all the money paid by the plaintiff Fender, they would be primarily liable. But the evidence discloses that neither Cowart & Cunningham nor M. M. Kendall received the $12,000 sued for jointly with the other firm, and therefore, while they are not liable under the ruling here made, under the evidence in this case, for the entire amount of $12,000, they might be liable severally for whatever portion of it they each did receive, if any. From what has been said above, it follows that Cowart & Cunningham could not be joined in a suit with Powell & Kendall, and therefore a court of a county not of their residence would have no jurisdiction over them. And the same would apply to M. M. Kendall, if he is not a member of the firm of Powell & Kendall. It appears from the record that he had

no joint interest in the property sold to the plaintiff, and was not to share in the losses of the transaction, but only in the profits, and therefore was not a partner in the firm of Powell & Kendall. Civil Code (1910), § 3158 declares: "A joint interest in the partnership property, or a joint interest in the profits and losses of the business, constitutes a partnership as to third persons. A common interest in profits alone does not." See, also, *Dawson National Bank* v. *Ward,* 120 *Ga.* 861, 862 (48 S. E. 313).

The verdict of the jury found not only for the full amount of principal sued for by the plaintiff against all of the defendants, but interest as well. It is insisted that interest could not be recovered, because no demand was made against the defendants for the sum sued for. Whether interest can be collected without demand in this case need not be determined, as the judgment is to be reversed and the case goes back; but we may remark that if a demand is necessary, the evidence shows that a demand was made on Powell & Kendall for the return of the money. It does not appear that a demand was made as to Cowart & Cunningham and M. M. Kendall.

2. The first assignment of error in the amended motion for a new trial is that the verdict of the jury is contrary to the evidence as to all of the defendants, " for that the evidence demanded a finding that the title to the money sued for was in the partnership of J. B. Fender & Co., and not in the plaintiff." This was a question of fact for the jury to determine; and while the evidence was somewhat conflicting on this point, the jury found that the money paid to Powell & Kendall was that of the plaintiff, J. F. Fender, and we can not say that they erred in so finding.

3. Error is assigned to the overruling by the court of the defendants' motion for a nonsuit, made at the conclusion of the plaintiff's evidence. If the motion for a nonsuit was made as to all of the defendants (and it seems to have been so made), it was not proper to grant the nonsuit as to all the defendants. Under the evidence in the case, we can not say that no case was made out as to some of the defendants.

4. Objection is made to the ruling of the court admitting oral evidence as to the contents of an alleged lost schedule of the property of the Moye Naval Stores Company, being the schedule in writing which the plaintiff testified was furnished to him by

Powell & Kendall; the plaintiff testifying, over objection, as to what the schedule contained, so as to show what property the defendants had contracted to sell him. It is within the sound discretion of the court to determine when the foundation has been laid for the introduction of secondary evidence. There appears no abuse of the exercise of the court's discretion in the ruling excepted to. Civil Code (1910), § 5829.

5. The following charge of the court is assigned as error: "Where the partnership is denied, the opposite party is only required to present sufficient evidence to raise the presumption of the existence of the partnership, when the burden will be shifted to the other side to disprove the existence of the partnership. This is so because the persons supposed to constitute the partnership are in possession of all the definite information upon the subject, and therefore better able to present it to the court." This charge of the court is inaccurate. Where one alleges a partnership as an essential fact necessary to a recovery, the burden of proof is on the party affirming it. The court's charge, that, "Where the partnership is denied, the opposite party is only required to present sufficient evidence to raise the presumption of the existence of the partnership," is calculated to mislead the jury, and tends to lessen the duty of the plaintiff to prove his allegation of partnership. The jury might be led to conclude, from the charge as given, that all that is necessary in order to prove the existence of a partnership is to raise a presumption in favor of its existence. The language used is not an apt way of stating the rule. Civil Code (1910), §§ 5746, 5747; *Hawkins* v. *Davie,* 136 *Ga.* 551-552 (71 S. E. 873); *Mobley* v. *Lyon,* 134 *Ga.* 125 (67 S. E. 668, 137 Am. St. R. 213). The only harm the charge could have done in this case is as to the defendants other than Powell & Kendall, who denied that they were members of the respective partnerships to which they were alleged to belong.

*Judgment reversed.   All the Justices concur.*