### 5619. ARMOUR FERTILIZER WORKS v. ABEL.

There was no error in the court's rulings upon the evidence, or in the charge to the jury. The evidence authorized the verdict, and there was no error in refusing a new trial.

DECIDED SEPTEMBER 23, 1914.

Complaint; from city court of Nashville—J. Z. Jackson, judge pro hac vice. February 9, 1914.

*R. D. Smith, Lovett & Murray,* for plaintiff.

*Hendricks & Hendricks,* for defendant.

RUSSELL, C. J. Armour Fertilizer Works brought suit against Abel upon a note for $1,320.24, upon which a balance of $809.74 and interest was claimed to be due, and alleged that notice binding the defendant for payment of attorney's fees had been given. The defendant pleaded that the note had been fully paid by various sums paid to the plaintiff and certain of its agents, with the exception of $735.75, for which he alleged he gave a new note on February 1, 1912, which operated to discharge his indebtedness, if any, upon the note in suit. By amendment, the defendant pleaded in recoupment that the plaintiff was indebted to him in

the sum of $776.17, on account of the fact that he had overpaid the plaintiff and that the plaintiff was also indebted to him for certain commissions. The defendant further pleaded that S. J. Shippey, P. E. Belt, and G. V. Savitz were duly authorized agents of the plaintiff to make demands and receive payment for guano sold by the defendant in 1911, and that the note sued on was part of a guano transaction for that year. From a statement of account attached to the defendant's answer, it appears that the payments which he claimed to have made were made, some of them to the company directly, some to P. E. Belt, and one payment by a check dated September 25, 1911, to S. J. Shippey. Upon the trial the issue finally revolved around the question as to whether the payment to Shippey of the check, amounting to $828.93, was a payment to Shippey individually or a payment accepted by Shippey as a duly authorized agent of the defendant authorized to make the collection in its behalf. It can well be said that the case narrowed to the single issue as to whether Shippey was such an agent of the defendant as was authorized to accept this particular check in its behalf, and as to whether the check was actually paid to him as such agent. Shippey admitted receipt of the check, but claimed that it was in payment for cotton which he sold the defendant, and not a payment on the account of the Armour Fertilizer Works, due by the defendant. The jury returned a general verdict for the defendant, but did not find in his favor on the plea of recoupment.

The original motion for a new trial is based upon the general grounds that the verdict is contrary to law, contrary to evidence, and without sufficient evidence to support it, the several grounds of the amendment to the motion are based upon objections made to testimony or exceptions to the charge of the court, and present the single question as to whether there was sufficient evidence to authorize the inference that Shippey was an agent of the plaintiff; in other words, it is insisted that at the time the questions were asked to which objections were made there was nothing in the pleadings in the case authorizing proof that Shippey was an agent of the plaintiff, and that there was no evidence that he was such agent or authorized to receive payments in its behalf. It is specifically alleged in the defendant's answer that Shippey was agent of the Armour Fertilizer Works, and in the account attached thereto

is an item of payment alleged to have been made to him as such agent, and for that reason we are of the opinion that testimony as to any circumstance tending to show that Shippey was in fact an agent was relevant in the investigation, and if, after all the testimony was in, sufficient evidence had been introduced to authorize the jury to infer that Shippey was such an agent as was authorized to make the collection for the plaintiff, then the instructions of which complaint is made were not erroneous. In other words, the objections of counsel for the plaintiff in the lower court were all based upon the proposition that there was not sufficient evidence that Shippey was such an agent as that the plaintiff was bound by his acts or sayings, or by the course of dealing between the defendant and Shippey.

Over the objection of the plaintiff, questions were propounded to the defendant by his counsel, and answered by him as follows: Q. "Look at this check here dated September 25, 1911, for $828.93, and in the left-hand corner of it marked 'For Armour Fertilizer Works,' and state to whom it was given?" A. "It was given to Mr. Shippey." Q. "What did you give it to him for?" A. "In payment for fertilizers." Q. "For whom?" A. "Armour Fertilizer Works." The ground of the objection was that it had not been shown that Shippey was an agent of the Armour Fertilizer Works authorized to collect money in its behalf. It is very plain, under the defendant's plea and the exhibits thereto, that this testimony was admissible. It bore directly upon the defendant's contention, and the defendant had already testified that all his dealings with the plaintiff were through Shippey. It appeared later in the evidence, that there was a notation upon the check itself, "For Armour Fertilizer Works," and the genuineness of this notation was a question for the jury; if the jury believed that the notation was made on the check at the time it was accepted, the check itself might be a circumstance of more or less significance on the subject of agency. Of course, we bear in mind that payment to Shippey would not be good, no matter what appeared on the check, unless it appeared that Shippey was in fact the agent and authorized to make the collection, but testimony that the check was given and accepted in payment of a debt due to the Armour Fertilizer Works might tend to corroborate the evidence of agency. The court did not err in allowing the testimony at the time it was introduced,

even if it should have been excluded later, if a motion to exclude it had been made. As later appears from the evidence, however, Shippey admitted that he acted as a supervisor for the Armour Fertilizer Works in looking after the defendant, and that he took the contract between them. The defendant testified that Shippey gave him instructions in all that he did, and that Shippey saw to his accounts with the Armour Fertilizer Works being checked up, and presented to him telegrams from the Armour Fertilizer Works to Shippey relative to his accounts. Shippey and the defendant both agree that Shippey was a collecting agent for the Armour Fertilizer Works, and that he was authorized to collect from the defendant. The conflict between them is as to when that agency began. Shippey contends that it did not begin until after September 25, 1911 (the time of the giving of the check), and the defendant contends that it began at the time of the contract.

It is contended that the court erred in allowing the defendant to testify that Shippey gave him instructions for Armour Fertilizer Works in all that he did, and made demand for money in settlement of his account with the Armour Fertilizer Works, and that Shippey checked up his accounts with the Armour Fertilizer Works; on the ground that there was nothing in the record to show that Shippey had any authority to act for Armour Fertilizer Works. It was not improper to allow this testimony. In the state of the record it appears that the main point to be determined by the jury was whether Shippey was such an agent as was authorized to make the collection for the Armour Fertilizer Works, and any testimony which bore upon their dealings in connection with the transaction, and which tended to show that Shippey did in fact act as agent, was relevant to the issue. It was admitted that Shippey did make collections from the defendant for the Armour Fertilizer Works, and it was for the jury to determine whether Shippey or the defendant was correct as to the incipiency of the agency.

It is insisted that the court erred in admitting in evidence two checks signed by the defendant, as follows: one dated September 25, 1911, for $828.93, payable to S. J. Shippey, and having a notation thereon "For Armour Fertilizer Works," and the other dated October 21, 1911, for $925.15, payable to S. J. Shippey, and having a notation thereon "B. C." For the reasons set forth above, it was not error to admit the first check in evidence. It was not error to

admit in evidence the check for $925.15, because it was contended by Shippey that the only check given him in the fall of 1911 by the defendant was in payment for cotton, and this check was introduced by the defendant as being the check given Shippey for cotton, and in support of his contention that two checks were given, one for cotton, with the notation "B. C." thereon, and one for account of the Armour Fertilizer Works, with a notation to that effect thereon. Both checks bore strongly upon the issues involved, and the defendant was entitled to have both of them submitted to the jury.

Error is also assigned because the court overruled the motion of the plaintiff to direct a verdict. It is contended that there is nothing in the evidence to show that payment was made to an authorized agent of the plaintiff, and that the note introduced showed liability to the plaintiff. It is fundamental that it is never error to refuse to direct a verdict. As a matter of fact, there was evidence tending to show that the plaintiff owed the defendant a certain sum as commissions for selling guano, and also evidence tending to show that the payment made was made to an authorized agent.

It is also contended that the court erred in charging the jury as follows: "The relation of principal and agent arises whenever one person, expressly or by implication, authorizes another to act for him, or subsequently ratifies, with full knowledge, the acts of another done in his behalf. The relation of principal and agent, therefore, can not arise unless a person expressly or by implication authorizes another to act for him or subsequently ratifies, with full knowledge, the acts of another done in his behalf. The ratification, if any, of a particular act is coextensive with the act, and only makes the person who performed the act a special agent for the purpose." "A principal is bound by all the acts of his agent within the scope of his authority, and if the agent exceeds his authority the principal can not ratify in part and repudiate in part; he must either adopt the whole or none. The principal is bound by all the representations of his agent in the business of his agency, and by his wilful concealment of material facts, although they were unknown to the principal and known only by the agent." It is contended that there was no evidence authorizing any charge on the law of agency. The instructions afford the plaintiff in error

no cause for complaint. The authority of an agent in a particular instance need not be proved by express contract; it may be established by the principal's conduct and course of dealing, and if one holds out another as his agent, and by his course of dealing indicates that the agent has certain authority, and thus induces another to deal with his agent as such, he is estopped to deny that the agent has any authority which, as reasonably deducible from the conduct of the parties, the agent apparently has. *Germain Company* v. *Bank of Camden County,* 14 *Ga. App.* 88 (80 S. E. 302). Neither was it necessary to show, as contended by the plaintiff in error, that the Armour Fertilizer Works knew of this specific payment of $828.93, if it appeared that Shippey was in fact their agent at the time the payment was made, if it was made. If Shippey was the agent authorized to make collections on September 25, 1911, as contended by the defendant, and the defendant paid him the money, it was none of the defendant's concern what Shippey did with the money, nor was it his duty to notify the Armour Fertilizer Works that he had paid the money to Shippey.

It appears to us that the plaintiff has had a fair and impartial trial, and that no errors were committed by the court, and it is, therefore, our duty to affirm the judgment. In giving the case this direction it is not necessary to discuss the motion to dismiss the bill of exceptions.     *Judgment affirmed. Roan, J., absent.*