### ALEXANDER *v.* COYNE.

An action for money had and received is maintainable against one who, as a president and general manager of a corporation, received money to which the plaintiff was entitled and to which the corporation had no right, where the officer knew of the plaintiff's right to the money.

JULY 13, 1915.

Action for money had and received. Before Judge Ellis. Fulton superior court. January 5, 1914.

Mrs. C. M. Coyne brought a petition against Edgar Alexander, to recover the sum of $606 as money had and received by the defendant for the plaintiff's use. As amended the petition alleged that on May 2, 1911, petitioner loaned to the Electric Construction Company, a corporation, $606, and to secure the loan the Electric Construction Company in writing assigned to her an open account for $861.95 due that company by the S. H. Kress Company, another corporation. That transfer was signed, "Electric Construction Company, by Edgar Alexander, president." At the time of making the assignment the construction company was insolvent, and this fact was known by the defendant. After the assignment the defendant, who was the president and general manager of the

construction company, continued to act as such until about May 20, 1911, and was interested in receiving a salary therefor, when a check was received from the Kress Company for the amount of the open account. The check was delivered in the mail-box to the Electric Construction Company, and was received and cashed by the defendant. Petitioner has never seen the check, but is informed that the same was payable to the Electric Construction Company, was signed by the Kress Company, and was for the full amount of the open account; that the check was "cashed by the act and deed of the defendant and by that of no other person, he then signing himself, Electric Construction Company, by Edgar Alexander, its president." At that time Alexander had the exclusive control and management of the Electric Construction Company, and, in order to further the interests of that corporation and of himself, he thereafter passed the amount of the account to the credit of the corporation, of which he was president and general manager. At the time the defendant knew that the chose in action was the property of the plaintiff, and that the check he received in payment of the same, and the money he received in cashing the check, and the money he gave to the Electric Construction Company, was also the property of the plaintiff; and at the time the defendant gave the money to the Electric Construction Company he knew it was insolvent, and knew that by his act he was depriving the plaintiff of her right to the account. The act of the defendant in depriving the plaintiff of her property was a conversion on his part, which she has never ratified or approved. The construction company has been adjudicated a bankrupt, and she is unable to obtain her money from it. "Petitioner waives the tort, and sues for money had and received in the sum of six hundred and six dollars principal, and interest from May 21, 1911." The defendant's general demurrer was overruled, and he excepted.

*Little, Powell, Smith & Goldstein,* for plaintiff in error.

*Dillon, Burress & Kobak,* contra.

EVANS, P. J. (After stating the foregoing facts.) The difficulty in the question presented by this record arises out of the form of action which the plaintiff has elected to pursue. It is well settled that whoever meddles with another's property, whether as principal or agent, does so at his peril. If an agent takes the property of another without his consent, and delivers it to his principal, it

is a conversion, and both the principal and the agent will be liable in damages. *Miller* v. *Wilson,* 98 *Ga.* 566 (25 S. E. 578, 58 Am. St. R. 319). The plaintiff could have prosecuted her action for damages for the unlawful conversion of her property, both against the Electric Construction Company and its president who aided in the diversion of her funds. An owner of money which has been tortiously converted by a person acting for his own benefit may waive the tort and bring assumpsit for the money received. This is upon the equitable principle that an action for money received lies when money received by one person equitably belongs to another. In order that the doctrine of waiver of tort may apply, the defendant must have unjustly enriched himself thereby. Keener on Quasi Contracts, 160. If the action be in tort, every one who participated in the tort is liable as a joint tort-feasor, on the principle that the act of one is the act of all. But where the plaintiff waives the tort and does not sue for damages, but sues in assumpsit to recover the money, such action can only be maintained against the person who has actually received the money. *Cowart* v. *Fender,* 137 *Ga.* 586 (73 S. E. 822, 26 Ann. Cas. (1913A) 932). The action of assumpsit for money had and received will not lie unless the money was actually received by the defendant or his agent. *Lary* v. *Hart,* 12 *Ga.* 422. Where one receives money to which a third person, whose agent he professes to be, has no right, and he has notice not to pay it over to him, an action for money had and received lies against such agent. Garland *v.* Salem Bank, 9 Mass. 408 (6 Am. D. 86) ; Houston *v.* Frazier, 8 Ala. 81; Hearsey *v.* Pruyn, 7 John. *179. In the latter case Spencer, J., observes that "The law is, I believe, well settled, that an action may be sustained against an agent, who has received money to which the principal had no right, if the agent has had notice not to pay it over." In the case at bar the chose in action of the Kress Company was assigned to the plaintiff by the Electric Construction Company. The written assignment was made by the defendant as the president of that corporation, and hence he knew when the check from the Kress Company came into his possession that it belonged to the plaintiff. If, instead of receiving a check, the defendant as agent or an officer of the construction company had collected the money from the Kress Company, and not accounted to the plaintiff for her interest in the same, clearly he would have been liable to her,

at her election, in an action for money had and received to her use. Do the pleaded facts present a case equivalent to that supposed? It is alleged that the defendant cashed the draft and received the money and gave it to the construction company. This is a distinct averment that the defendant had the physical possession of money belonging to the plaintiff. Having the plaintiff's money in his possession, he was under a duty to account to her for it, and, under the cited authorities, the law implies a debt, and gives to the plaintiff an action in assumpsit to recover so much as would be sufficient to discharge her debt.

*Judgment affirmed. All the Justices concur.*