## 23351. HAWTHORNE *et al. v.* POPE.

JENKINS, P. J. 1. "The principal may recover back money paid illegally, or by mistake of his agent, or goods wrongfully transferred by the agent, the party receiving the goods having notice of the agent's want of authority. . ." Civil Code (1910), § 3605. "This doctrine applies in all cases where the third person knew and participated in the illegal or unauthorized act of conversion;" but it "introduces no new rule" and does not change the law restricting "the rights of principals against parties dealing with special agents, or with general agents, who act beyond the scope of their agency. These cases stand upon the same footing as do cases where a general agent, with private instructions, disobeys those instructions, and acts improperly with the knowledge of the person dealing with him." *First National Bank of Macon* v. *Nelson*, 38 *Ga.* 391, 399, 400 (95 Am. D. 400).

2. A petition stated a cause of action good as against general demurrer where it was alleged that the plaintiff, being a beneficiary of $8,000 on insurance policies of her deceased husband, after being appointed temporary administratrix of his estate, designated her minor son as her agent to manage the estate; that, after "she received checks from said insurance company in settlement of said insurance so payable to her as beneficiary," she turned these checks over to her son and directed him to deposit them in the bank to her credit; that the defendants, by representations that the insurance was liable for an indebtedness of the deceased husband to one of them, although the policies "were made payable to his mother,"· persuaded the son that he had authority to make a settlement from such proceeds with them, and that if he did not, they would "garnishee" the insurance, put the estate in the hands of a receiver, consume "the whole thing . . in attorney's fees and litigation, . . get the money, and his mother would get nothing, working upon his fears;" that when the son expressed to the defendants an intention to talk the matter over with his mother, who was in a serious condition and "torn to pieces," the defendants dissuaded him, and persuaded him to get the insurance checks, deposit them to the account of his mother as administratrix, and to draw

checks on such account payable to one of the defendants, signed in the name of the mother; that such deposit, acts, and payment by the son. were without her consent or knowledge and "contrary to her instructions" and when "she was still in a dazed condition, incapable at the time of doing business, all of which was known . . to the defendants," and the money was "paid out on debts that she did not owe nor for which she was in any sense individually liable;" that she has never ratified such acts and misappropriation of her individual funds; that the acts and representations of the defendants were a fraud against her, void, and illegal; and that the defendants are jointly and severally liable for said monies thus illegally obtained. See *Cowart* v. *Fender*, 137 *Ga.* 586 (73 S. E. 822, Ann. Cas. 1913A, 932).

2. Since the petition and cause of action were not based upon injury through mere actual fraud and deceit, it was not necessary that the averments should show an illegal "scienter" and that the representations were made by the defendants with knowledge of their falsity, or amounted to more than representations as to matters of law instead of facts; the gist of the suit being in the nature of an action on the case for the alleged wrong of the defendants in causing the plaintiff's agent to divert and use the funds of the principal, contrary to her instructions or without her authority, and in converting to their own use the monies thus illegally obtained.

3. The petition sufficiently alleged that the insurance proceeds were payable and belonged to the plaintiff individually, and not to her as administratrix or to the estate of her husband.

4. It was not necessary for the plaintiff to show that her bank account as administratrix, in which the insurance funds were alleged to have been illegally deposited and drawn out, "contained no funds other than said insurance money," so as to trace such specific funds into the hands of the defendants, before the plaintiff would be entitled to recover damages for their loss.

5. No question is presented by the exceptions save the decision overruling the general demurrer.

> *Judgment affirmed. Stephens and Sutton, JJ., concur.*
> DECIDED JANUARY 16, 1934.

*H. W. Dent, Joseph B. Brennan,* and *Sutherland & Tuttle,* for plaintiffs in error.

*Sid Holderness, Sid Holderness Jr., A. E. Wilson,* contra.

