## 28673. SILVER et al. v. FORD.

DECIDED FEBRUARY 15, 1941. REHEARING DENIED MARCH 29, 1941.

*Shelby Myrick,* for plaintiff in error.
*I. C. Farthing, Donnelly & Tenenbaum,* contra.

FELTON, J. Joseph Ford sued Wolfe Silver, Jack Kiley, and Jimmie Kiley to recover money lost in games of chance during the six months previous to the time of the filing of the suit. The defendants filed general and special demurrers. In answer to the demurrers the plaintiff amended and the demurrers were renewed and others added. The court overruled the general demurrer and certain special demurrers, sustained certain special demurrers and allowed plaintiff ten days in which to amend. Within the ten days plaintiff amended to meet the demurrers sustained by the court, and the defendants filed demurrers, general and special, to the petition as finally amended. A motion to dismiss the petition because the amendment did not meet the demurrers was overruled, and the demurrers to the petition as finally amended were overruled. Defendants' amendment to the last demurrer, containing the ground of misjoinder of parties and causes of actions, was stricken by the court on motion of the plaintiff because it was not filed at the first

term. Exceptions are to the overruling of the motion to dismiss the petition, to the order striking the amendment to the demurrer, and to the overruling of the demurrer to the petition as finally amended.

It was not error to overrule the motion to dismiss the petition on the ground that the amendments did not meet the order of the court on the demurrers, and it was not error to overrule the demurrers to the petition as finally amended. The original petition alleged that it was for the recovery of money had and received by the defendants as winners from petitioner in games of chance. In answer to a demurrer setting up that the petition did not set out whether the defendants were operating the gambling devices as partners, or how and in what manner they were jointly interested in the operation of the gambling devices, and did not set forth to which of the defendants the plaintiff lost the money, or whether the money was lost to defendants jointly, severally, or as joint tortfeasors, the plaintiff amended and alleged: "Plaintiff made bets with and lost to each of said defendants, their servants, agents, and employees, whose names are unknown to plaintiff but well known to the defendants, for at all times during said operations one or more of said defendants would be present and participating in the operation, acting for himself and associates, defendants herein, said operations and winnings by one or more of said defendants, their servants, agents, and employees on said various occasions being for and in behalf of all of said defendants jointly. Said amounts were lost to the defendants jointly, in that they were joint operators of said gambling devices and jointly interested in the winnings from the operations thereof."

It is necessary to consider but one phase of the case, as all other questions were eliminated by the amendments to the petition. Can a loser in a gambling game recover from the defendants jointly under Code, § 20-505? The defendants were entitled to know how much it was contended each had won, if the suit was against each for the money he had won, and if the suit was that kind of a suit the defendants could have objected that they could not be sued together. However that may be, the last amendment alleged that the operation of the gambling devices was joint, and removed all doubt as to what kind of action it was, against whom, and what for. It was therefore not harmful to the defendants for the court to dis-

miss their amended demurrer, which set up a misjoinder of parties defendant, for the reason that it was not filed at the first term. The petition as amended set forth a joint cause of action and was not subject to this demurrer. Counsel for the plaintiffs in error contends that the present action is based on common law and not on statute, and cites *Smith* v. *Ray*, 89 *Ga.* 838 (16 S. E. 90). This case is not authority for the contention made, because the plaintiff there did not sue, as a loser in a game of chance, one who had won the money from him. The owner of the legal title to the money sued to recover it from one who had won it from another person, who evidently was holding possession of it for the owner. The basis of that suit was that the owner had a right to the money because it belonged to him and because the defendant had no right to retain it. We think such a suit as the one at bar is based on the statute, and not on the common law on the implied promise to pay, but assuming that the logical basis is an implied promise to pay, then the plaintiff can recover if the facts are sufficient for the law to imply a joint promise to pay, as they do in this case. There is nothing to the contrary in *Cowart* v. *Fender*, 137 *Ga.* 586 (73 S. E. 822, Ann. Cas. 1913A, 932), as the proposition we have just stated is directly supported by the opinion in that case. Nor do we think it would be necessary in such a case as this to sue in tort against alleged conspirators. As we have stated, the action is authorized by statute, and if three people win money jointly it does not matter how the joint intent arose, whether by contract, conspiracy, or otherwise. Under the statute, if they won and won jointly, the money can be recovered from them jointly by the owner in a suit filed within six months. That the money was won through an agent is immaterial. If an owner can recover money lost to a winner by an agent when the agency is not known to the winner it seems that a loser could recover from joint principals when the money is won for them by an agent. See *Doyle* v. *McIntyre*, 71 *Ga.* 673.

*Judgment affirmed. Stephens, P. J., and Sutton, J., concur.*