### KING *v.* FORMAN.

JENKINS, Presiding Justice. This was a suit in which the plaintiff recovered, brought in the municipal court of Savannah by a prospective purchaser of real estate against the president of an alleged insolvent sales corporation, which acted as sales broker on behalf of the owner, to recover as for "money had received" the earnest payment on the purchase-price in accordance with the offer made by the plaintiff. The defendant had deposited this payment to the account of the sales corporation, knowing it to be insolvent, and had failed and refused to return this sum upon failure of the sale to go through on account of a refusal of the plaintiff's offer. *Held:*

Irrespective of whether or not the plaintiff could have maintained an equitable proceeding seeking, as he did, merely to recover a money judgment for the payment made (see in this connection, *Alexander* v. *Coyne,* 143 *Ga.* 696, 698, 85 S. E. 831, L. R. A. 1916D, 1039; *Regal Textile Co.* v. *Feil,* 189 *Ga.* 581, 584, 6 S. E. 2d, 908), since the action for a money judgment was brought in a court having no equitable jurisdiction, and no equitable relief was sought, the suit will be construed as one at law, and as such, the refusal of a new trial will not support a bill of exceptions to this court. See *McDowell* v. *McDowell,* 194 *Ga.*

88, 91 (20 S. E. 2d, 602) ; *Stoddard* v. *Campbell*, 27 *Ga. App.* 363 (3) (108 S. E. 311). Accordingly, the writ of error must be

*Transferred to Court of Appeals. All the Justices concur.*

No. 14749. FEBRUARY 9, 1944.

*Marvin O'Neal,* for plaintiff in error.   *Joe A. Long,* contra.