## 30467. KING v. FORMAN.

DECIDED MAY 6, 1944.

*Marvin O'Neal,* for plaintiff in error.   *Joe A. Long,* contra.

PARKER, J.   George R. Forman brought suit against E. D. King for $250, alleged to have been earnest money paid by the plaintiff to A. F. King & Son, a corporation, on the purchase-price of real estate being sold by the corporation.   It was alleged that E. D. King was the president and general manager of the corporation, having exclusive control and management of its affairs, and that he deposited the said earnest money in the Savannah Bank & Trust Company and into the general fund of the corporation in order to further the interests of the corporation and himself, and disbursed the same by signing all checks drawn against its bank account. It was also alleged that the defendant knew the money was the property of the plaintiff, knew that A. F. King & Son, the corporation, was insolvent at the time he deposited the money into the general fund of the corporation, knew that he was depriving the plaintiff of his right to the money; and that the act of the defendant in depriving the plaintiff of his property was a conversion on his part.   The payment of the earnest money was made on December 10, 1941.   The owner of the property refused to sell at the time the earnest money was paid.   Negotiations were still being had when a receivership proceeding, followed by bankruptcy, was brought against A. F. King & Son in February, 1942.

The defendant interposed a general demurrer and several special demurrers.   The general demurrer and all of the special grounds

of demurrer were overruled except the one relating to the plaintiff's failure to attach to his petition a copy of the sales contract upon which the plaintiff allegedly paid the earnest money. The plaintiff was given time within which to amend, and within the allowed time, he amended by setting up a copy of the last sales contract executed by the plaintiff and A. F. King & Son. It does not appear that any further objection was made as to the plaintiff's compliance with the terms of amendment allowed by the court. The defendant filed exceptions pendente lite to the overruling of his demurrers. The case was tried before the judge without a jury and he found for the plaintiff, and entered judgment accordingly. The defendant made a motion for new trial upon the general grounds, which was overruled and a new trial denied. The defendant excepted, and also assigned error upon his exceptions pendente lite.

■ The court did not err in overruling the demurrers of which the defendant complains. As to the general demurrer, the petition alleges that the defendant deposited the plaintiff's earnest money into the general funds of the corporation, knowing it was insolvent, and disbursed the funds by signing all checks drawn against the deposits "in order to further the interests of that corporation and *himself*." (Italics ours.) Such allegations set forth a cause of action against the defendant, and proof that the defendant thus furthered the interest of himself would authorize a recovery. The special grounds of demurrer that were overruled are without merit, in that none of them call for an allegation or copy of a writing required by law for maintaining such an action as brought by the plaintiff.

■ The action against E. D. King individually was apparently predicated upon the ruling in *Alexander* v. *Coyne,* 143 *Ga.* 696 (85 S. E. 831, L. R. A. 1916D, 1039), holding that "an action for money had and received is maintainable against one who, as a president and general manager of a corporation, received money to which the plaintiff was entitled and to which the corporation had no right, where the officer knew of the plaintiff's right to the money." We do not think the facts of the case at bar bring it within the ruling in the *Alexander* case. In that case the Electric Construction Company, a corporation, borrowed money from Mrs. Coyne and secured the loan by assigning in writing to the lender

an open account due the company by S. H. Kress Company, another corporation. The transfer was signed, "Electric Construction Company, by Edgar Alexander, president." The construction company was insolvent at the time and this fact was known by its president. Thereafter, when the Kress Company sent its check for the amount of the open account to Electric Construction Company, Alexander received it and cashed it and passed the amount of the account to the credit of the corporation.

In the instant case it appears that A. F. King & Son, a corporation, was engaged in the business of selling real estate. The plaintiff undertook to buy certain property through the corporation and signed a sales contract and delivered it with his check for $250 as earnest money to a salesman and agent of A. F. King & Son. E. D. King did not handle the transaction. The check was payable to A. F. King & Son and was indorsed by it and deposited with its general funds in the bank. The trade for the realty was not consummated, and after the insolvency of A. F. King & Son became apparent, the plaintiff brought this action against E. D. King to recover the $250. Since the evidence. shows that the original transaction was made by the plaintiff with the corporation, and not with or through E. D. King personally, and that the check was delivered to the corporation and placed to its credit in the bank, and was not handled by E. D. King individually, merely because E. D. King was the president and general manager of the corporation when the transaction took place, and disbursed the corporation's funds on checks drawn by him while it was operated as a going concern, does not in our opinion make him liable personally and individually for the amount of the earnest-money check in an action for money had and received.

The plaintiff expressly waived the tort and sued for money had and received. "An action for money had and received is founded upon the equitable principle that no one ought unjustly to enrich himself at the expense of another, and is maintainable in all cases where one has received money under such circumstances that in equity and good conscience he ought not to retain it, and ex aequo et bono it belongs to another. [citing cases] Thus an action for money had and received is a substitute for a suit in equity." *Jasper School District* v. *Gormley,* 184 *Ga.* 756, 758 (193 S. E. 248). "An action of assumpsit for money had and received will not lie

unless the proof shows that the money, or its equivalent, was actually received by the defendant or his agent." *Lary* v. *Hart*, 12 *Ga.* 422; *Alexander* v. *Coyne,* supra. The evidence in this case failed to show that the defendant actually received the money or its equivalent. While he drew the money of the corporation, including the $250 sued for, out of the bank, it was applied so far as the record of the evidence discloses on obligations of the corporation. The defendant testified that he "did not reap any personal benefit from [the money] in any way," and this testimony was not controverted; and it was clearly shown that the money was deposited in the funds of the corporation. It appears also from the undisputed testimony of the defendant that the corporation owed him $2120.17 on November 30, 1941, and that this indebtedness of A. F. King & Son to E. D. King was increased by December 31, 1941, to $2731.63, which came about because the defendant was putting his money into the business to keep it going. Under these circumstances it can not be said that the defendant received money belonging to the plaintiff which in equity and good conscience he ought not to retain as against the claims of the plaintiff.

The court erred in rendering judgment against the defendant, and in overruling his motion for new trial.

*Judgment reversed. Sutton, P. J., and Felton, J., concur.*