42996. MAGYER et al. v. BROWN.

Argued September 5, 1967—Decided September 29, 1967—
Rehearing denied October 11, 1967.

*Joe Salem,* for appellants.

*Richard V. Karlberg, Jr.,* for appellee.

HALL, Judge. ■ The plaintiff brought an action for money had and received against Magyer, alleged owner, and Lovern, alleged agent, of a used car business known as Panoramic Sales. Magyer's pleadings denied the allegation that Magyer was the owner of the business.

At the trial Magyer testified that he did not own the business but it was owned by a corporation of which he was owner and president. On cross examination interrogatories served on Magyer prior to trial were presented to him, and he stated that he had answered the interrogatory whether he did business under the name and style of Panoramic Sales, and read the answer, "I presently own and operate a used car lot doing business under the name and style of Panoramic Sales." On further cross examination Magyer read the interrogatory, "State the interest, you now have or had in the business or businesses," and the answer "Owned same." Magyer sought in further testimony to explain the inconsistency between his testimony that he did not own the business and his answers to the interrogatories.

Magyer's testimony contained substantive evidence of an admission of ownership made by him in his answers to interrogatories. *Maxwell v. Harrison,* 8 Ga. 61, 66 (52 AD 385); *Sizer & Co. v. G. T. Melton & Sons,* 129 Ga. 143, 148 (58 SE 1055); *State Farm Mut. Auto. Ins. Co. v. Kendall,* 104 Ga. App. 481, 485 (122 SE2d 139). It also created a question of fact whether he had been impeached as a witness, since the answers which he testified he gave to the interrogatories were inconsistent with his testimony on the trial. *Code* § 38-1806; *Travelers Ins. Co. v. Miller,* 104 Ga. App. 554, 564 (122 SE2d 268). This testimony was sufficient to support a finding that Magyer was the owner of the business.

■ Magyer contends that the evidence was insufficient upon the other issues to support a verdict against him. There was uncontradicted evidence that the defendant Lovern was employed as manager of the used car lot known as Panoramic Sales.

The testimony of the plaintiff and his wife was that the plaintiff went to the used car lot and dealt with Lovern in selecting a

car that he wished to buy. He deposited $50 with Lovern to hold the car and have his credit for financing part of the purchase price checked. Three days later the plaintiff returned to the lot and saw Lovern and Smith, whom he understood to be a salesman. He was then told that the car he had selected was more expensive than he could finance. Some telephone calls were made to finance companies with both Lovern and Smith participating and he was told financing could be obtained on a less expensive car selected by the plaintiff. He drove this car home and returned after lunch with his wife and gave $350 to Smith as the balance of the down payment. Lovern was standing in the door four feet away looking at them when the plaintiff's wife counted out the money to Smith and Smith wrote a receipt and gave it to them. When the plaintiff returned the next day to arrange the financing for the rest of the purchase price, Lovern denied that he knew anything about the transaction, said that the boss had fired Smith the night before, and telephoned the boss (Magyer). Magyer came in and the plaintiff demanded return of his $400 from him and Lovern. They refused to give him the money and to let him take the car. Some of the testimony of the plaintiff and his wife was contradicted, but the evidence of the amounts of payments made by the plaintiff was uncontradicted.

Lovern testified that Smith, who had previously been employed there, came to the lot and asked him for a job, but he was not authorized to employ him. Magyer was out of town and he was short of help and he needed someone and he gave Smith permission to "hang around," and Smith came in and out for three or four days and he was going to try to get him on. He knew the plaintiff and his wife were in the office with Smith but he was in the other office and didn't pay any attention and didn't see the $350 being paid to Smith. Magyer testified that Smith had previously worked for him but that he had not seen him for two or three weeks or longer before this incident.

The evidence of facts, circumstances, apparent relations, and conduct of the parties was sufficient to authorize a finding that Lovern, acting as the manager of Magyer's business, Panoramic Sales, held Smith out as a salesman and agent of Panoramic

Sales clothed with authority to sell automobiles and receive payments on the purchase price. *Equitable Credit Corp. v. Johnson*, 86 Ga. App. 844, 845 (72 SE2d 816); *Armour Fertilizer Works v. Abel*, 15 Ga. App. 275, 280 (82 SE 907). Cf. *Sinclair Refining Co. v. First Nat. Bank of Moultrie*, 45 Ga. App. 769 (165 SE 860); *Commercial Credit Corp. v. Noles*, 85 Ga. App. 392, 397 (69 SE2d 309).

The evidence authorized a finding that a part of the money the plaintiff sues for was received by the admitted agent and part by the ostensible agent of Panoramic Sales. "For it the defendants gave nothing, and in equity and good conscience it belongs to the plaintiff." *Reid v. Hemphill*, 82 Ga. App. 391, 396 (61 SE2d 201); *Rhodes & Son Furniture Co. v. Jenkins*, 2 Ga. App. 475 (58 SE 897). Under the circumstances, whatever money Lovern and Smith received as agents for Panoramic Sales is deemed in law to have been received by Panoramic Sales. *Great Southern Acc. &c. Co. v. Guthrie*, 13 Ga. App. 288, 291 (79 SE 162). Accord *Lary v. Hart*, 12 Ga. 422; *Planters' Rice-Mill Co. v. Merchants Nat. Bank of Savannah*, 78 Ga. 574, 584 (3 SE 327); *Finch v. Hill*, 146 Ga. 687, 688 (92 SE 63); 58 CJS 929, § 23. The plaintiff therefore is entitled to recover from the defendant Magyer. *Reid v. Hemphill*, supra; *Chatham Motor Co. v. DeSosa*, 48 Ga. App. 257, 259 (172 SE 604); *Porter v. Hancock*, 76 Ga. App. 534 (46 SE2d 597); *Pope Motor Co. v. Roberts*, 91 Ga. App. 828, 831 (87 SE2d 233); *Haupt v. Horovitz*, 31 Ga. App. 203 (120 SE 425).

■ When the plaintiff brings an action for money had and received against more than one defendant, and the defendants do not jointly receive the money, the plaintiff may recover from each defendant the amount received by him. *Cowart v. Fender*, 137 Ga. 586 (73 SE 822, AC 1913A 932). There was no evidence that Lovern acted in this transaction or received or retained any money other than as the manager and agent of Panoramic Sales. Therefore, the verdict and judgment against him was not authorized. *King v. Forman*, 71 Ga. App. 75 (30 SE2d 214).

■ The defendant enumerates as error certain instructions of the court to the jury respecting attorney's fees to which objection was made at the trial. The record shows that after the objection

the court recharged the jury to clarify the matter objected to and no further objection was made after the recharge. These enumerations of error, therefore, are without merit.

*Judgment against defendant Magyer affirmed. Judgment against defendant Lovern reversed. Felton, C. J., and Eberhardt, J., concur.*