50752. GOLDGAR v. JETTER et al.

STOLZ, Judge.

William A. Jetter sued Northside Air Terminal, Inc., a Georgia corporation (Northside); and Mike Goldgar, individually, for $5,000 principal, $1,500 attorney fees, plus interest and costs in the State Court of DeKalb County. At all times pertinent, Goldgar was the president and principal stockholder in Northside. The plaintiff was interested in renting space in a building which Northside had charge of, but did not own. The desired space was occupied by another tenant whom Goldgar was desirous of removing. The plaintiff gave the corporation a signed blank check as a "good faith deposit," not a lease deposit or security deposit. It was mutually agreed that the check would be filled in for $5,000. Subsequently, the desired space was not made available. The "good faith deposit" was commingled with other corporate funds and depleted. The plaintiff demanded the return of his money, but was given a $5,000 promissory note on Northside, which became insolvent. The case was tried before the judge without a jury, resulting in a judgment against both defendants. Goldgar appeals.

1. The judgment of the trial judge sitting without a jury will be affirmed if there is any evidence to support it. *Lester Colodny Const. Co. v. Allen,* 129 Ga. App. 545 (199 SE2d 917) and cits.

2. Goldgar relies on *King v. Foreman,* 71 Ga. App. 75 (30 SE2d 214), as the basis for a reversal in this case. The material distinction between that case and the case before us is that in *King* there was no evidence that the general manager acted in the transaction or received or retained any money other than as general manager and agent of the corporation; whereas, in the case before us, Goldgar, as principal stockholder (80%) of Northside, was the "alter ego" of the corporation. Neither the corporation nor Goldgar gave anything for the money and in good conscience should not be permitted to retain it. See *Magyer v. Brown,* 116 Ga. App. 498, 501 (157 SE2d 825) and cits.

*Judgment affirmed. Deen, P. J., concurs. Evans, J., concurs specially.*

SUBMITTED MAY 21, 1975 — DECIDED SEPTEMBER 2, 1975.

*Lynwood A. Maddox,* for appellant.
*Langford, Staples & Staples, L. Doyal Langford, Rose Higby Staples,* for appellees.

EVANS, Judge, concurring specially.

The question here is whether the agent is responsible for money received by the agent's employer-corporation, where the agent did not personally receive the money and received no benefit therefrom.

In the instant case, the agent was Goldgar, who deposited plaintiff's check for $5,000 to the credit of Northside Air Terminal, Inc., which was then or soon thereafter became insolvent and plaintiff received nothing for his money. The majority cites *King v. Foreman,* 71 Ga. App. 75 (30 SE2d 214), and seeks to distinguish it because in the *King* case, the agent received none of the money and did not act as "alter ego" of the corporation. Definitely this is a distinction between *King* and the case sub judice, for if we followed *King,* we would

reverse the present case.

But a full-bench decision of the Supreme Court of Georgia in *Alexander v. Coyne,* 143 Ga. 696 (85 SE 831) holds the agent to be liable where the corporation received the money "where the officer knew of the plaintiff's right to the money." Therefore, relying on *Alexander,* supra, which is quite contrary to *King,* supra, I concur in the result reached by the majority opinion, but not all that is said therein.