THORNTON *v.* GEORGE.

1. Where one furnishes timber to the owner of a sawmill for the purpose of enabling the latter to carry on his business of sawing the logs thus furnished into lumber, and under the contract between the parties it is stipulated that the party furnishing the logs shall receive as compensation therefor either one half of the lumber into which the logs are converted or a stipulated price per hundred feet for such half, this does not constitute a partnership between the parties. Such being the effect of plaintiff's evidence on the trial of this case, which was a proceeding to foreclose a lien for material furnished the owner of a sawmill, it was not error to overrule a motion for nonsuit, made by the defendant on the ground that the plaintiff's evidence "showed that the plaintiff and defendant were partners as to this lumber, and the relation of debtor and creditor did not exist between them."

2. Where the verdict for the plaintiff in such a case is, in the opinion of the judge before whom the case was tried, excessive, and under order of court the same is reduced by the plaintiff's counsel to an amount for which a verdict of the jury would have been authorized under the evidence, such order of the court is not illegal; and after the verdict is thus reduced, there is no error in the court refusing to grant a new trial on the ground in the motion of the defendant that the verdict was contrary to evidence.

Argued May 13, — Decided June 10, 1899.

Foreclosure of lien. Before Judge Spence. Calhoun superior court. December 14, 1898.

*J. W. Walters*, by *Harrison & Bryan*, for plaintiff in error.
*J. J. Beck, Dorsey, Brewster & Howell*, and *Hugh M. Dorsey*, contra.

LEWIS, J.    John B. George instituted proceedings to foreclose his lien against J. A. Thornton, alleging, in substance, that he furnished Thornton for the use of his steam sawmill a number of logs to be converted into lumber, "at an agreed or contract price of one half of all the lumber sawed by said mill, the price of the lumber to be sold being sixty cents per hundred feet;" that the logs furnished were articles necessary to carry on the work of the sawmill, and were of the aggregate value of $1,080; and that after allowing a specified credit paid to the plaintiff by the defendant, there was still due him a balance of over $800.    The affidavit otherwise complied with the law in its allegations of a demand, and in being filed within the time prescribed by the statute.    The defendant below filed an answer, claiming that the debt had been fully paid off, and further contending that he and the plaintiff were partners equally interested in the business, that the defendant furnished the mill and the plaintiff the logs, and when the lumber was ready for market the profits were to be equally divided, the defendant to saw, deliver and collect, and pay the plaintiff his half, which defendant alleges he did.    It does not appear that any demurrer was filed to plaintiff's affidavit.    On the trial there was quite a volume of testimony, and much irreconcilable conflict therein.    There was evidence, however, tending to show that a certain amount of lumber had been delivered to the plaintiff below on his claim, that the rest of the lumber had been sold by the defendant, and that some of it was in the process of being transported to the purchasers thereof.    The jury returned a verdict for the plaintiff for $739.60; whereupon the defendant moved for a new trial.    To the judgment overruling his motion he excepts.

1. One ground in the motion for a new trial is, that the court refused to grant a nonsuit, upon motion of defendant, on the ground that "plaintiff's evidence showed that plaintiff and defendant were partners as to this lumber, and the relation of debtor and creditor did not exist, and for that reason the remedy pursued could not be maintained."    The evidence for the plaintiff tended to establish the contract as set forth in his affidavit of foreclosure, and his compliance with the terms of

the agreement. That contract clearly makes no case of partnership, for under it the plaintiff below had no interest whatever either in the profits or the losses of the business. His interest in the lumber into which the logs were to be converted, or in its proceeds at a stipulated price, was simply compensation to him for the material furnished, and was not in anywise dependent upon the profits of the business or the market price of the lumber. It is true that in his answer, as well as in his testimony, the defendant made out a contract of partnership, but there was no complaint that this issue of fact between the parties was not fairly submitted by the court to the jury; and they having decided that issue in favor of the plaintiff below, this court will not interfere with the discretion of the trial judge in approving that finding.

2. It appears from the record that, before the motion for a new trial was passed upon, the trial judge indicated that the verdict was excessive, and, under direction of the court, counsel for the successful party voluntarily reduced the same by the amount of $400. It is contended by counsel for the plaintiff in error that this correction of the verdict was illegal. It will be noted that this was an action based upon a contract, in which was involved an account between the parties. The suit was therefore with reference to matters ex contractu, and furnished a basis for some accurate and definite verdict in favor of the plaintiff in the event it was found he was entitled to recover. It was not a case involving a tort, or any damages of such a nature as that they had to be left alone to the sound discretion or enlightened conscience of a jury. Hence this case does not fall within that class of causes in which this court has decided that the judge below has no right to correct an excessive verdict, by reducing the finding of the jury in cases where damages, either of a general or a punitive nature, are involved. We are satisfied, after a careful review of the testimony, that the verdict was excessive; and we are further satisfied that, since its reduction under direction of the court, there was sufficient evidence to support the verdict thus reduced. The judgment, therefore, refusing a new trial is

*Affirmed. All the Justices concurring.*