## DAWSON NATIONAL BANK *v.* WARD & GURR.

A contract whereby one conducting a cotton-warehouse business in his own name and on his own account agrees with another that the latter shall attend personally to the business, and receive as compensation for his services a given proportion of the net profits, does not create a partnership. The proportion of profits given to him who attends to the business without having an interest in the same is merely the measure of wages for the service rendered.

Argued June 17, — Decided August 9, 1904.

Complaint. Before Judge Roberts. Terrell superior court. November 25, 1903.

*A. M. Raines, M. J. Yeomans, J. G. Parks,* and *Rosser & Brandon,* for plaintiff.

*M. C. Edwards* and *W. H. Gurr,* for defendants.

EVANS, J. The Dawson National Bank brought an action of complaint in which it named Ward & Gurr, an alleged partnership composed of C. F. Ward and J. W. Gurr, as defendant. The plaintiff alleged, that the defendant firm was engaged in a general warehouse business, and in the course of its dealings with the plaintiff issued to the latter various cotton receipts calling for

cotton of the value of $695.77, but that the defendant had failed and refused either to deliver the cotton to plaintiff or pay the value of the same on demand.    Service was perfected upon Gurr, but not upon Ward.    The former appeared and set up the defense that there was no such partnership as Ward & Gurr ; that he had been employed by Ward to conduct the warehouse business under an agreement whereby he was to receive as pay for his services a certain proportion of the profits realized, but did not hold himself out as a partner or have any dealings with the plaintiff as such.    On the trial of the case the plaintiff sought to prove its allegation of partnership, introducing Gurr as one of its witnesses.    At the conclusion of its evidence, however, the court granted a nonsuit, and the plaintiff excepted.    The nonsuit was granted because, in the opinion of the court, the evidence failed to establish any partnership between Ward and Gurr.    The testimony of the defendant Gurr, which was uncontradicted, was to the effect that he had no interest in the warehouse business, but merely managed the warehouse of Ward, and that his compensation was to be one half of the net profits.    As early as in the day of Lord Eldon, it was recognized as settled law that "if a man stipulates that, as a reward of his labor, he shall not have a specified interest in the business, but a given sum of money even in proportion to a given quantum of profits, that will not make him a partner."    Ex parte Hamper, 17 Ves. 412.    This court has repeatedly recognized the distinction between payment of a definite portion of the profits, in compensation for labor done, and a stipulation for a joint interest in profits which would entitle the party to an account as a partner.    In the familiar arrangement between a landlord and his cropper, where the landlord furnishes the land and the cropper agrees to cultivate the crop, and, after payment of expenses connected with the cultivation and gathering of the crop, to receive as compensation a given proportion of the net proceeds, it has been held that a partnership does not exist.    *Gurr* v. *Martin,* 73 *Ga.* 528; *DeLoach* v. *Delk,* 119 *Ga.* 884, and cit.    So, also, in the sawmill cases, where the owner furnishes the mill, wagons, mules, and the hands, and another person, owning no interest in the property, gives the business his personal attention in looking after it under an agreement that he is to receive in payment of his services one half of the profits, it

has been held that the parties to the agreement are not partners. See *Thornton* v. *McDonald*, 108 *Ga.* 3; *Thornton* v. *George*, Id. 9; *Jordan* v. *Jones*, 110 *Ga.* 47; *Padgett* v. *Ford*, 117 *Ga.* 508.

If the party's interest is that of owner; if he has a right to dispose of and control the profits of the enterprise as profits, then there is a partnership. Where, however, a party makes no contribution to the capital stock of the concern, nor has any right to control the profits, but only is to receive a certain proportion of the net profits in compensation for his labor, the partnership relation does not exist. This distinction is pointed out in the case of *Brandon* v. *Connor*, 117 *Ga.* 759. In that case both of the parties contributed to the capital of the business; one of the parties to the business was to "put in" sixteen mules and harness against the other's six mules and his services. The business was that of grading a portion of a railroad, and the profits were to be equally divided. The agreement contemplated that each party to the contract was to take one half of the profits as profits, and the parties thereto were held to be partners. In the case at bar, Ward was conducting a cotton-warehouse business; he wished to employ some one to manage the same, and contracted with Gurr for his services. Instead of paying Gurr stipulated wages, Ward agreed to give, and Gurr agreed to accept, one half of the net profits of the business. Gurr had no right to control the profits; all that he could claim was that Ward was to pay him for his services an amount equal to one half of the net profits. An agreement of this kind did not make them partners, but was a contract by an employer to pay his employee wages amounting to a given quantum of the net profits of the employer's business. *Sankey* v. *Columbus Iron Works*, 44 *Ga.* 234. There is nothing in the record indicating any intention to form a partnership. The warehouse receipts were issued in the name of Ward, and the plaintiff dealt with Ward as an individual, in extending him credit. Some stress was laid, in the argument before us, upon the use by Gurr in his testimony of the plural pronoun "we," in referring to the warehouse business. This alone can not authorize a conclusion that he had a joint interest in the business. It is of common occurrence for a servant or employee to refer to the business of his employer as "our" business, and to say that "we" did this or that thing. The evidence did not establish the relation of part-

ners between Ward and Gurr, and the court did not err in granting a nonsuit on motion of Gurr, the only defendant who was served.          *Judgment affirmed.     All the Justices concur.*