4374.   DAWSON v. BLITCH.

An agreement between two persons that one will furnish a certain quantity of pine timber, and the other the labor necessary to manufacture and market the turpentine and rosin to be extracted therefrom, and that each will share equally in the profits or losses accruing from the enterprise, constitutes such persons partners.

DECIDED DECEMBER 10, 1912.

Certiorari; from Bryan superior court—Judge Sheppard. July 23, 1912.

*J. H. Smith, C. T. Guyton,* for plaintiff.

*W. F. Slater,* for defendant.

POTTLE, J. The line of distinction between a partnership contract and an agreement that one who furnishes only the labor is to receive, as compensation or wages, a portion of the commodity produced by his labor, is not always clear. It is well settled, however, that a mere agreement by an owner of property to divide with another the crop or product of his labor on the property does not constitute the contracting parties partners. *DeLoach* v. *Delk,* 119 *Ga.* 884 (47 S. E. 204); *Dawson National Bank* v. *Ward,* 120 *Ga.* 861 (48 S. E. 313); *Thornton* v. *McDonald,* 108 *Ga.* 3 (33 S. E. 680); *Hall* v. *Stone,* 11 *Ga. App.* 269 (75 S. E. 140). We know of no case in which it has been held that a partnership does not exist where an agreement has been made between two persons whereby one contracts to furnish the property and the other the labor necessary to produce therefrom a commodity of value, and both agree to share equally either the profits or the losses which may result from the enterprise. "A joint interest in the profits and losses of the business constitutes a partnership as to third persons. A common interest in profits alone does not." Civil Code (1910), § 3158.

The plaintiff in certiorari testified, that Blitch had leased a tract of turpentine timber; that he agreed with Blitch to help him "work" the timber; that from the proceeds arising from the sale of the gum the rent and expenses were to be paid, and the plaintiff was to have for his labor one half of what was left; "that he was to share in the profits and losses, but that there would be no losses, because they were to do the work, and they would make more than enough to pay the rent and stilling expenses and feed the mule." Under the testimony, if the venture had been unprofitable, the plaintiff would have been bound for any loss incurred, and his statement that there would be no losses, while highly optimistic, is nevertheless a conclusion which might not be well founded. The turpentine business is sometimes operated at a loss, as those who reside in the turpentine belt have had occasion to know. The plaintiff was not entitled to enforce his lien as a laborer, and the superior court rightly so held.                    *Judgment affirmed.*