## MORGAN v. THE STATE.

1. Section 7 of the general tax act of August 16, 1909 (Civil Code, § 983), imposes a business tax of $1,000 for each place of business on every person who maintains a place of business in this State where beverages, drinks, or liquors in imitation of or intended as a substitute for beer, ale, or wine or whisky, or other alcoholic, spirituous, or malt liquors "are kept for sale or distribution or are sold in wholesale quantities." The tax above mentioned is enforceable whether the person maintaining the place of business owns the goods which are kept or sold, or deals with them as agent for another, or whether the goods be manufactured in this State or beyond the limits of this State. So much of the act

as has the effect stated is not violative of the uniformity clause of art. 7, sec. 2, par. 1, of the constitution of this State.

(a) But superadded to what is stated above, section 7 of the general tax act attempts by a process of classification to impose a different and greater tax on persons maintaining a business of the character mentioned, if the goods handled at such place of business are manufactured beyond the limits of this State. So much of the act as seeks to impose a greater tax where the goods handled are manufactured beyond the limits of the State is obnoxious to that part of the constitution above mentioned, and is void.

2. Omitting the part of section 7 of the general tax act which in the preceding headnote is held to be unconstitutional, the rest of section 7 is not violative of either of several other constitutional provisions specified in the questions propounded by the Court of Appeals; and whether section 7 of the act would be violative of any of such constitutional provisions, if the part thereof which is held to be unconstitutional were not eliminated, need not be decided.

June 17, 1913.

Certified questions; from Court of Appeals (4724).

The Court of Appeals certified the following questions:

"1.    Is section 7 of the general tax act of the General Assembly of the State of Georgia, approved August 16, 1909, as codified in the Civil Code (1910), § 983, upon which the special presentment in this case was founded, in conflict with paragraph 1 of section 2 of article 7 of the constitution of the State of Georgia, in that: (a) the act imposes a license and special tax not uniform upon the same class of subjects; (b) it imposes a greater tax upon persons maintaining 'a supply depot, warehouse, distributing office, or other place of business within this State' where 'any beverage, drink, or liquor in imitation of or intended as a substitute for beer, ale, wine or whisky, or other alcoholic, spirituous, or malt liquors,' manufactured by non-resident manufacturers, is kept for sale, than is imposed by the laws of this State upon persons engaged in the sale of like products of resident manufacturers; (c) the tax required by this act is a discrimination against such dealers handling the products of non-resident manufacturers, and in favor of such dealers handling the products of resident manufacturers?

"2.    Is the said act in conflict with the fourteenth amendment of the constitution of the United States, in that: (a) the act imposes a greater tax upon persons maintaining 'a supply depot, warehouse, distributing office, or other place of business within this State' where 'any beverage, drink, or liquor in imitation of or intended as a substitute for beer, ale, wine or whisky, or other

alcoholic, spirituous, or malt liquors,' manufactured by non-resi-dent manufacturers, is kept for sale, than is imposed by the laws of this State upon persons engaged in the sale of like products of resident manufacturers; (*b*) the license or tax required by the act is a discrimination against such dealers handling the products of non-resident manufacturers, and in favor of such dealers handling the products of resident manufacturers?

"3. Is the said act in conflict with paragraph 3 of section 8 of article 1 of the constitution of the United States, in that the act attempts to discriminate in favor of products of manufacturers of this State and against products of manufacturers of other States?

"4. Is the said act in conflict with paragraph 1 of section 2 of article 4 of the constitution of the United States, in that: (*a*) the act denies to citizens of other States privileges and immunities granted to citizens of the State of Georgia; (*b*) a greater tax is thereby imposed upon the sale of products of manufacturers of other States than is imposed upon the sale of products of manu-facturers of the State of Georgia; (*c*) the act imposes a greater burden upon the sale of products of manufacturers of other States than is imposed upon the sale of like products of manufacturers resident in the State of Georgia, and thereby discriminates in favor of manufacturers resident in the State of Georgia and against manufacturers resident in the other States of the United States; (*d*) a greater tax is thereby imposed upon persons selling at wholesale products of manufacturers not residing in this State than is imposed upon persons selling products of manufacturers resident in the State of Georgia?"

*A. D. Gale* and *H. F. Dunwody,* for plaintiff in error.

*J. H. Thomas, solicitor-general,* contra.

ATKINSON, J. Code § 983, being that part of the tax act which is attacked as unconstitutional, refers to the subject of dealing in certain commodities "referred to in the preceding section." The things so referred to are "any beverage or drink or liquor in imitation of or intended as a substitute for beer, ale, or wine or whisky, or other alcoholic, spirituous, or malt liquors." "The pre-ceding section" makes it mandatory for persons manufacturing such commodities in this State to obtain, from the ordinary of the county where the business is carried on, a license at a cost of one

thousand dollars for each place of business. This much having been said of section 982, or "the preceding section," section 983 may the better be understood. It is as follows: "Every person, firm, or corporation who shall maintain a supply depot, warehouse, distributing office, or other place of business within this State where such beverages, drinks, or liquors referred to in the preceding section are kept for sale or distribution or are sold in wholesale quantities, that is to say, in quantities of more than five gallons, and each and every agent or representative of each separate non-resident manufacturer, manufacturing firm, or manufacturing corporation of any such beverages, drinks, or liquors, and each person, firm, or corporation handling the product of such non-resident manufacturer, manufacturing firm, or corporation, and keeping for sale or for distribution or handling and selling any such drinks, liquors, or beverages in this State in wholesale quantities as aforesaid, shall obtain a license so to do from the ordinary of the county wherein such supply depot, warehouse, or distributing office or other place of business by wholesale is located, and shall pay for said license the sum of one thousand dollars for each calendar year or part thereof for each such place of wholesale business in this State. The said agents or representatives of non-resident manufacturers of such beverages, and persons handling and selling by wholesale the product of such non-resident manufacturing persons, firms, or corporations, shall obtain and pay for a separate license for each separate non-resident person, firm, or corporation represented by them, or whose product is handled by them in wholesale quantities."

In its arrangement the language is somewhat confusing; but properly construed, section 983 requires a business tax of one thousand dollars on every person who maintains a place of business in this State where beverages, drinks, or liquors in imitation of or intended as a substitute for beer, ale, wine or whisky, or other alcoholic, spirituous, or malt liquors "are kept for sale or distribution or are sold in wholesale quantities." The tax is on the business, and applies more definitely to the place of business. If one person maintains but one place of business, he pays one tax; if he maintains more, he is required to pay a correspondingly greater number of taxes. That a person maintaining such a place of business might own the goods which are kept or sold, or might

deal with them as agent for another, or that they might be manufactured within this State or beyond the limits of the State, would not affect his liability to pay one tax for each place of business maintained by him. But superadded to all this, the act attempts by a process of classification to put places of business where goods of foreign manufacture are dealt with on a different footing from those manufactured within the limits of this State. Relatively to the former, the amount of tax to be paid must depend on the number of manufacturers whose product is dealt with, one tax of one thousand dollars being required for handling the product of each non-resident manufacturer, so that one place of business might be taxed at one thousand dollars or ten thousand dollars, accordingly as the product of one or ten non-resident manufacturers might be handled. Relatively to the latter, there is one tax for the place of business, but no additional tax where the goods handled are the product of several manufacturers. In this instance there could be but one thousand dollars tax for one place of business. The difference in the two is palpable. The thing sought to be taxed was the business of maintaining a place for the sale of or keeping for sale or distribution specified articles. The articles were the same, and the character of dealing with them was the same. It was not a case of taxing two separate classes of business, but one where it was sought to impose different taxes on a particular class of business. This would clearly contravene the uniformity clause of art. 7, sec. 2, par. 1, of our constitution. See *Mutual Reserve Assn.* v. *Augusta,* 109 *Ga.* 79 (35 S. E. 71), and cases there cited, to which may be added *Gould* v. *Atlanta,* 55 *Ga.* 678, which dealt with the subject of classification of businesses for the purpose of taxation. It follows that so much of section 983 as would authorize a tax of more than one thousand dollars on one place of business is void. But we do not think that the part of the act which we have held to be void because unconstitutional is so interwoven with the other parts of the act, or that it forms such an essential part of the legislative scheme for taxing places of business of the class referred to in the act, that its elimination should have the effect of destroying the entire act. With the objectionable provisions eliminated, the rest of the act would merely impose a tax of one thousand dollars on each place of business of every person maintaining a place of the character con-

templated by the act. There would be no lack of uniformity in that part of the act. It follows that in response to the first question propounded by the Court of Appeals we answer, that in so far as the act seeks to authorize the imposition of a tax of more than one thousand dollars on one place of business, it is violative of the provisions of the constitution above mentioned; but in so far as it imposes a tax of one thousand dollars on each place of business, it is not unconstitutional.

Omitting the part of section 7 (§ 983) which is held to be unconstitutional, the rest of the act left standing is not violative of any of the constitutional provisions specified in succeeding questions propounded by the Court of Appeals, and it is unnecessary to decide whether section 7 would violate them if the omitted parts had not been eliminated from the act.        *All the Justices concur.*