. 17267. ALLGOOD *v.* FECKOURY. .

No partnership was created by the agreement that the plaintiff should conduct in the defendant's name a store which was to be owned and supplied with goods by the defendant, and should receive an equal share of the net profits.

The contract, being one of employment and being for no fixed period, was terminable at the will of either party, and without notice to the other party as provided for by law in the case of a partnership.

DECIDED OCTOBER 13, 1926.

Action for breach of contract; from Cobb superior court—Judge Tarver. March 9, 1926.

This was an action for damages for an alleged breach of contract. The petition alleged that on March 24, 1924, the plaintiff and the defendant entered into a contract under the terms of which the plaintiff was to run a store at Roswell, Georgia; that the defendant was to furnish all goods necessary to supply the store, and it was to be run in his name and owned by him, the net profits of the business to be equally divided between the plaintiff and the defendant. It was not alleged that the contract was for any specified or definite period. Plaintiff alleged that he entered upon the performance of the contract and continued until November 18, 1924, that during that time he faithfully performed his duties thereunder, and that on the latter date the defendant, without cause, discharged him and took possession of the store.

Master and Servant, 39 C. J. p. 71, n. 57.

Partnership, 30 Cyc. p. 360, n. 64; p. 376, n. 25; p. 377, n. 26; p. 380, n. 33.

On the trial the defendant moved to dismiss the petition; the motion was sustained, and the plaintiff excepted.

*Leon M. Blair, J. P. Brooke,* for plaintiff.

*J. E. Mozley, G. B. Walker,* for defendant.

JENKINS, P. J. 1. "A joint interest in the partnership property, or joint interest in the profits and losses of the business, constitutes a partnership as to third persons. A common interest in profits alone does not." Civil Code (1910), § 3158. As between the parties themselves, "a partnership may be created either by written or parol contract, or it may arise from a joint ownership, use, and enjoyment of the profits of undivided property, real or personal." Civil Code (1910), § 3155. As between themselves, "the intent of the parties is the true test of a partnership, which may be created by a contract giving rights or imposing liabilities differing from those from which the law ordinarily infers a partnership." *Huggins* v. *Huggins,* 117 *Ga.* 151 (43 S. E. 759). Where the parties in a joint undertaking do not by the terms of the agreement purport to establish the relationship of copartners, and where the contract does not contemplate or provide for the "joint ownership, use, and enjoyment of the profits of undivided property," and under the terms of the agreement there is no joint contribution to the stock of the enterprise, but all the assets necessary to the conduct of the business are to be furnished by one of the parties, and the business is to be "run in his name and owned by him," the other party merely furnishing his personal services for one half of the net profits, the agreement does not, either in terms or by legal implication or effect, establish the relationship of copartners. The proportion of profits thus to be received is received not as profits, but as merely measuring wages for the services rendered. *Dawson* v. *Ward,* 120 *Ga.* 861 (48 S. E. 313); *Sankey* v. *Iron Works,* 44 *Ga.* 228; *Thornton* v. *McDonald,* 108 *Ga.* 3 (33 S. E. 680); *Clegg* v. *Lyon,* 30 *Ga. App.* 482 (118 S. E. 432). While it has been said that "liability for losses will generally be implied from proof that the contract stipulates for a division of the profits" (*Davis* v. *Savannah Lumber Co.,* 11 *Ga. App.* 610 (4), 75 S. E. 986), such an implication can not arise where the terms of the contract clearly indicate the contrary.

2. Such a contract, being one of employment and being for no fixed period, is terminable at the will of either party, without

notice as provided for in the case of partnerships by section 3161 of the Civil Code (1910). See Civil Code, § 3133; *Odom* v. *Bush,* 125 *Ga.* 184 (53 S. E. 1013).

3. Under these rulings the court did not err in dismissing the petition as setting forth no cause of action.

*Judgment affirmed. Stephens and Bell, JJ., concur.*