UNDERWRITERS SALVAGE COMPANY OF NEW YORK *v.* CITY OF ATLANTA *et al.*

No. 8883.  April 13, 1932.

*McDaniel, Neely & Marshall,* for plaintiff.

*J. L. Mayson, C. S. Winn, J. C. Savage,* and *C. H. Mathews,* for defendant.

Russell, C. J.  The Underwriters Salvage Company of New York brought a petition for injunction against the City of Atlanta and J. Ben Daniel, marshal of that city, in which these allegations were made:  A certain execution issued by the marshal in favor of the City of Atlanta against petitioner was levied on certain of its personal property, under an ordinance which provides for a general business license tax designated:  "Salvage, $240 per annum."  The marshal has arbitrarily levied said tax as against the Underwriters Salvage Company of New York, which company petitioner avers does not come within the classification provided by said ordinance, as it does not do a business of salvage within the meaning of said ordinance.  Said ordinance was designed to reach those companies doing a retail business in salvage.  Petitioner is not engaged in the salvage business in the sense that the license tax of $240 per year was imposed, but it is an agent of various insurance companies, and all of the capital stock of the said corporation is owned by insurance carriers.  It is engaged in the business of reconditioning stocks of goods which are burned or damaged by fire and water, and all reconditioned property is sold for the benefit of such insurance companies and the assured.  Petitioner derives no profit or benefit from such reconditioning and

selling, but is paid only the actual expense of such reconditioning, selling, etc., which expense is charged to each particular loss. The proper classification under which petitioner falls in the ordinances fixing general business license taxes is as follows: "Agents, not otherwise specified, $60." About January 1, 1930, it paid to the City of Atlanta $60, which should have been sufficient to cover its general business license tax for the year 1930, but, acting for the city, the marshal issued a fi. fa. for $60 plus cost for the second quarter of 1930, purporting to be levied for the general business license from April 1 to June 30, 1930. Petitioner is not liable for said tax; there is no legal justification for the levy; it has heretofore paid the entire sum for which it is liable for 1930; the defendants should be restrained from collecting any further sum for the year 1930; and petitioner should be classified as "agents, not otherwise specified." There is no statute providing for the filing of an affidavit of illegality and forthcoming bond. The marshal is threatening to advertise petitioner's property for sale. Petitioner files bond for the forthcoming of said property, in the sum of $123. Being remediless in a court of law, it seeks the intervention of equity, and prays that the defendants be enjoined from collecting from petitioner a sum in excess of $60 per annum under the proper classification; for decree that it is not engaged in the salvage business within the meaning of the ordinance, and that its proper classification is "agents, not otherwise classified;" and for general relief.

The court sustained a general demurrer and dismissed the petition, and the plaintiff excepted.

The tax ordinance under which the execution issued provides that all persons, firms, or corporations engaged in any business or occupation in the City of Atlanta shall be required to register their various businesses, trades, or occupations, and obtain a license, for which they shall pay the amount therein set opposite such business, trade, or occupation. Among the businesses so listed was that of salvage, and the amount set opposite the word "salvage" in said classified list was $240. In the same list there is also an item "agents, not otherwise specified." The contention of the plaintiff is that it is not in the salvage business, and that it is liable only for $60, the amount set opposite the words "agents, not otherwise specified." It insists that its business is not that of salvage, but

that its occupation is that "of salvaging as an agent of stocks which are burned or damaged by fire, storm, or water," and that the classification "agents, not otherwise specified" is the classification under which it would necessarily fall, and consequently that the effort to collect $240 per annum is arbitrary. Two other reasons are advanced: (1) That the company is "a mere arm of the business of adjusting insurance losses, as a corporation engaged in the business of salvage, as distinguished from salvaging, which means selling to the trade in general, in competition with other merchants, stocks of goods which had been purchased by such salvage dealers and put upon the open market in competition with the established merchants of the city." (2) That insurance clearance companies, insurance companies, and other businesses of a character similar to that of the Underwriters Salvage Company are assessed $60 per year under the ordinance, and if Underwriters Salvage Company is a mere adjustment bureau or insurance clearance company or an agent not especially mentioned, the act of the marshal in undertaking to attach to it the tax applicable to companies engaged in the salvage business is arbitrary. It is urged that "taking the bill as it reads, it sets forth a cause of action in equity." The real question is whether the allegations of the petition are susceptible only of the construction that the Underwriters Salvage Company is not in the salvage business.

The ordinance imposes a tax of $240 upon "salvage." The word "salvage" has a very broad, denominative, generic meaning. "Salvage" applies to the whole genus, which includes several species of salvage. Originally the word "salvage" was no doubt confined to that which was saved from shipwreck. "1. The act of saving a ship or property from loss, as from the sea, fire, or pirates; hence, any act of saving property. 2. Mar. Law. The compensation allowed to persons by whose voluntary exertions a vessel, her cargo, or the lives of those belonging to her are saved from danger or loss in case of wreck, capture, or other marine misadventure: termed civil salvage, as distinguished from military salvage, which consists in the rescue of property from the enemy in time of war. 3. That which is saved from a wrecked or abandoned vessel; property rescued from shipwreck; hence, anything saved from destruction." New Standard Dictionary. From the terms of the ordinance as set forth in the petition it is plain that all of the acts

admittedly done by the plaintiff in reconditioning bring it within the definition of the word "salvage." Furthermore, by the allegations of the petition it is admitted that the plaintiff sold the stock which it had salvaged; and in our opinion it thus placed itself within the very class to which it argues the tax of $240 should be applied, in saying that "the history of the ordinance is that a high tax shall be charged to itinerant merchants who might come temporarily into the territory with fire-damaged, water-damaged, or storm-damaged stocks, sell the same out under high-pressure advertising, and deprive the permanent merchants of this trade." If the purpose of the ordinance was to discriminate against itinerant traders, who might come temporarily to sell salvaged goods, in favor of the "permanent merchants of this trade," the ordinance would be void. *City of Atlanta* v. *Jacobs,* 125 *Ga.* 523 (54 S. E. 534); *American Bakeries Co.* v. *Griffin,* 174 *Ga.* 115 (162 S. E. 513). There is no such contention in this case. The only insistence now is that the ordinance is not applicable to the business of salvaging, especially when all acts admitted to be done by the plaintiff are performed as agent of another, who is the owner of the property; that the plaintiff makes no profit except pay for its service as agent of its principal; and that what is done by the plaintiff is a mere incident in its business. We do not think any of these suggestions are meritorious. One can not transact a business and be relieved of tax by showing he is the agent of another. Hardin *v.* Radford, 112 Va. 527 (72 S. E. 102). Taxes are against the business, and not against the company or person carrying on the business. In *Singer Mfg. Co.* v. *Wright,* 97 *Ga.* 114, 119 (25 S. E. 249, 35 L. R. A. 497), it was said: "An omission of this kind in a taxing law might, in some instances, operate as an invitation to individuals to undertake business enterprises, because of an attendant non-liability for taxes and a consequent advantage to be gained over competitors engaged in the same business who are specifically named and taxed. At any rate, such an omission makes a discrimination which the constitution forbids. We think, however, that so far as the law with which we are now dealing is concerned, the whole difficulty may be properly removed by simply holding that the words 'every sewing-machine company' would apply to a sewing-machine 'man' who undertook to engage in the manufacture and sale of such machines in this State. This construction, upon

reflection, will be found not to be a strained or unnatural one. On the contrary, we think it entirely permissible, when reference is had to the object of the law in question; that object being, not to tax a company or person carrying on the business, *but the business itself.* Of course, if the tax be upon the business, it is entirely immaterial whether such business is carried on by an individual, a partnership, or a corporation. As has been seen, the power of the legislature extends only to classifying business occupations into different branches, and laying upon each separate branch thus created such tax as is deemed proper. The legislature has absolutely no power to classify *persons,* natural or artificial, engaged in precisely the same occupation, laying a tax upon some of them and exempting others, or imposing a tax not operating uniformly upon all."

And so in this case the word "salvage" has no reference to the particular individual or corporation which may own the property, or through its agents may salvage goods damaged by fire; and this even though what is done in salvaging be a mere incident in its business of adjusting losses it has incurred in complying with the terms of its contracts of insurance. In this connection, we deem the following ruling in *Morgan* v. *State,* 140 *Ga.* 202, 205 (78 S. E. 807), peculiarly applicable: "The tax is on the business, and applies more definitely to the place of business. If one person maintains but one place of business, he pays one tax; if he maintains more, he is required to pay a correspondingly greater number of taxes. That a person maintaining such a place of business might own the goods which are kept or sold, or might deal with them as agent for another, or that they might be manufactured within this State or beyond the limits of this State, would not affect his liability to pay one tax for each place of business maintained by him." In the light of this ruling, the term "salvage," upon which a tax of $240 is imposed, would apply to the place of business where salvaging is carried on. It would be immaterial who owned the goods to be salvaged, or what was necessary to be done to protect the value of the goods from loss which might ensue were they not reconditioned as alleged in the petition, and immaterial that he who conducted the business was merely the agent of another. The city council of Atlanta had the power to place a license tax upon the general business of salvage. They had a similar right to subdivide

this general class into further classes, so long as the subdivision was not wholly arbitrary or unreasonable. *City Council of Augusta* v. *Clark,* 124 *Ga.* 254, 259 (52 S. E. 881). The council did not exercise its power to subdivide the business, but so far as appears the tax of $240 is not unreasonable or arbitrary. The tax is not discriminatory, or violative of the uniformity clause of the constitution, if applied uniformly to all who may be engaged in the business classified as salvage. The duty of construing an ordinance devolves upon the judge. *City of Columbus* v. *Ogletree,* 102 *Ga.* 293 (2) 296 (29 S. E. 740) ; 2 McQuillin on Mun. Corp. 1733, § 810. And it has been held that the rules of construction of an ordinance are the same as for a statute. *City Council of Augusta* v. *Augusta-Aiken Ry. Cor.,* 150 *Ga.* 524, 528 (104 S. E. 505). The rule of construction applicable to a statute may be stated as follows: "An act of the General Assembly will never be so construed as to make it violative of the constitution, unless it is plain and manifest from the terms of the act that a construction having that effect was intended by the General Assembly; and when an act is capable of two constructions, one making it violative of the constitution, and the other making it consonant therewith, the latter construction must be adopted." *Park* v. *Candler,* 113 *Ga.* 647 (3) (39 S. E. 89).

The learned and able counsel for the plaintiff cite, in support of the proposition that a business tax can not be lawfully imposed on an element incident to or a part of such business, the decisions in *City of Colquitt* v. *Jeffords Oil Co.,* 170 *Ga.* 605 (154 S. E. 140), and *Wofford Oil Co.* v. *Boston,* 170 *Ga.* 624 (154 S. E. 145). The rulings in these cases are not in conflict with what we are holding, because the present case is easily distinguished by the difference in its facts from those with which the court was dealing in the cases cited. In the first, the exception was to the grant of an interlocutory injunction. This court affirmed the judgment. It is true that the question was whether that part of the city ordinance taxing businesses or corporations was applicable to the Jeffords Oil Company. This court held that "The delivery by truck of gasoline or oil to the retail dealers in other towns and localities where gasoline is retailed may well be classed as an incident to the main business of the Jeffords Company, and as such is not taxable." But the business of salvaging is not a mere incident in the business of the

plaintiff. As we have shown, it is its entire business. The business in which it is engaged may be a mere incident in the business of the various fire-insurance companies which own the stock of the Underwriters Salvage Company, but each one of those is a separate entity whose business is distinct and apart from that of the plaintiff. Even if these insurance companies were themselves engaged in the business of salvage, the plaintiff in its corporate capacity is not relieved from liability for this tax by reason of the fact that it is merely an agent. In *Wofford Oil Co.* v. *Boston,* the only ruling applicable to the question now before us was: "Where a municipality is simply given the power to impose a license tax upon a business, it can not divide such business into its constituent elements, parts, or incidents, and levy a separate tax on each or any element, part, or incident thereof." While this is sound law, it is not at all applicable to the case at bar, for the reason that no effort has been made to levy separate taxes on the different elements or incidents of the business in which the plaintiff is engaged. The tax is upon "salvage." The ruling in *Wofford Oil Co.* v. *Boston* would be applicable here only if the business of salvaging were so divided as to tax some of the constituents or incidents of the business. *Judgment affirmed. All the Justices concur.*