29456. LEWIS *v.* HUIET, commissioner, *et al.*

DECIDED MAY 8, 1942.

*Herbert W. Wilson,* for plaintiff.
*A. L. Henson, Clifford Walker, Otis L. Hathcock,* for defendants.
FELTON, J. William Morgan filed his claim for unemployment

compensation against Ernest Lewis. The allowance of the claim was appealed to the board of review, and was affirmed. The employer then filed in the superior court a petition for a review of the decision of the board of review, and their finding was affirmed. The exception is to that judgment.

For the purposes of this decision it is only necessary to consider the contention of the plaintiff in error that the claimant was the employee of a partnership composed of H. E. Peel and Ernest Lewis, and not of Lewis individually. It is conceded that Lewis individually did not employ enough men to be classed as a covered employer, and that the alleged partnership did not employ enough men, but that the two added together employed as many as eight men for a sufficient period of time to bring them within the Georgia unemployment compensation law. Ga. L. 1937, p. 806, § 19 (f), (g), (1), (4), (5). (Code § 54-657.) The contention is made that the employees of Lewis and Peel and those of Lewis individually could not be totalled to make the employer a covered employer.

The evidence shows without dispute that Lewis was engaged in the general construction business in and around Waycross. In pursuance of this business he contracted for three construction jobs. He then made a contract with Peel for Peel to supervise the work on these three contracts, for which he was to be paid the sum of $45 per week, plus 25 per cent. of any profits which might be made. In addition to these three jobs, Lewis had other jobs in process of construction at that time. Peel went to work pursuant to this contract, and Lewis furnished the money for the pay-rolls, including the $45 per week for Peel. Lewis had conducted all of the negotiations with the owners of the property on which the contracts were based, and was responsible to the parties with whom he had contracted for the completion of the construction, and gave directions and orders both to Peel and to workmen on the jobs which Peel was supervising. Though it was alleged in the petition to the superior court, there was no evidence that Peel was to be responsible for, or suffer any diminution in compensation on account of, any losses which might be suffered on the three jobs on which he was working. It is true that there was a loss on one of the jobs, and that because of the loss thereon there were no profits to be divided, but this is not indicative of the fact that Peel was

to share the losses, but is evidence only of what the rate of compensation to him would be; if the three jobs showed a profit, he was to receive a bonus; if they showed a loss, he got no bonus. There was no evidence that Lewis did not have the right to exercise authority over Peel in the latter's supervision of the work. The evidence demanded the finding that there was no partnership, *Dawson National Bank* v. *Ward,* 120 *Ga.* 861 (48 S. E. 313), that Peel was merely an employee of Lewis, and that therefore Lewis as an employing unit had in his employ sufficient employees for such a time as to make him a covered employer. Ga. L. 1937, p. 806, § 19(n), Code § 54-657(n).

The foregoing ruling makes it unnecessary to decide or discuss the effect of the existence of a partnership on the situation and whether it should be considered as an independent contractor, and in that event whether the employees of such partnership could be added to those of Lewis, the prime contractor, to constitute him a covered employer. The judge of the superior court did not err in affirming the finding of the board of review affirming the award of benefits to the claimant.

*Judgment affirmed. Stephens, P. J., and Sutton, J., concur.*