BRADDY *v.* CITY OF MACON.

No. 14296.   NOVEMBER 12, 1942.

*Harry S. Strozier,* for plaintiff.

*E. W. Maynard* and *Ellsworth Hall Jr.,* for defendant.

DUCKWORTH, Justice. ■ This case does not fall within the rule that equity will not enjoin a criminal prosecution. The plaintiff seeks to enjoin the collection of an alleged illegal tax, on the ground that its enforcement will destroy his business. The criminal prosecutions involved are not directed against the petitioner, but against the persons in whose establishments he has placed his machines. In these circumstances the petitioner has no adequate remedy at law, and equity has jurisdiction of the case. *Great Atlantic & Pacific Tea Co.* v. *Columbus,* 189 *Ga.* 458 (6 S. E. 2d, 320) ; *City of Albany* v. *Lippitt,* 191 *Ga.* 756 (13 S. E. 2d, 807).

■ Counsel for the plaintiff admits that the city had the power to levy a license tax against either the owner or the exhibitor of the machines, or against both, but contends that the exhibitor or owner of the place of business in which the machines are located is merely an employee of the plaintiff, and as such is entitled to the same exemption as the employer. It has been held that the servants and employees of a disabled or indigent veteran are, also protected by the certificate under which the veteran operates his business, and that they can not be called upon to pay for any license covered by the exemption granted to the veteran. *Hartfield* v. *Columbus,* 109 *Ga.* 112 (34 S. E. 288). To sustain the plaintiff's contention it must appear both that the proprietors of the places of

business in which the plaintiff has placed his machines are employees or servants of the plaintiff, and that the license tax is in effect one against the business of the plaintiff. Numerous cases have been cited for the purpose of showing that the plaintiff and the proprietors are not partners. *Sankey* v. *Columbus Iron Works*, 44 *Ga.* 228; *Thornton* v. *McDonald*, 108 *Ga.* 3 (2) (33 S. E. 680); *Thornton* v. *George*, 108 *Ga.* 9 (33 S. E. 633); *Padgett* v. *Ford*, 117 *Ga.* 508 (2) (43 S. E. 1002); *Dawson National Bank* v. *Ward*, 120 *Ga.* 861 (48 S. E. 313); *Butts* v. *DeBeaugrine*, 28 *Ga. App.* 269 (110 S. E. 926); *Allgood* v. *Feckoury*, 36 *Ga. App.* 42 (135 S. E. 314). It is clear from the cases cited that no partnership relation exists between the plaintiff and these proprietors or exhibitors, because of the fact that the latter share only in the gross receipts, and do not share in any losses of the business. Under the facts as alleged, the duties of the proprietors consist of furnishing the space in which to place the machines, supervising the use and playing of the machines, and protecting and preserving them. For these services the proprietors receive one half of the gross receipts from the machines. It also appears that the other half of the gross receipts from the machines constitutes the sole income of the plaintiff's business; for he does not own any of the establishments in which his machines are made available to the public. In a limited sense the owners of these establishments are employees or servants of the plaintiff, in that they supervise the use of the plaintiff's machines; but in a broader sense they are in the business of operating "slot" machines themselves. It is the owner of the business establishment who makes the machines available to the public and provides the place of business for their operation. The city in the ordinance under attack saw fit to make the owner of the establishment responsible for the payment of the license tax levied against each machine operated in his business. No distinction is made between machines owned by this person and machines owned by some other person. Counsel for the plaintiff admits that the city had the power to levy the license tax in this manner, but contends that it should not apply to persons who exhibit machines belonging to indigent or disabled veterans under an agreement whereby the exhibitors get only a stated portion of the receipts from the machines. We can not agree to this contention. If a license tax against an exhibitor is proper, why should any distinc-

tion be made because he exhibits machines belonging to a veteran? He is in the business of exhibiting slot machines, and the ownership of the machines does not change the character of that business. "One can not transact a business and be relieved of tax by showing he is the agent of another." *Underwriters Salvage Co.* v. *Atlanta,* 174 *Ga.* 678, 682 (163 S. E. 893). See *Morgan* v. *State,* 140 *Ga.* 202, 205 (78 S. E. 807). The tax may incidentally affect the plaintiff's business; in that it makes it less desirable to the proprietor of a business establishment to have one of the machines in his establishment, and might deter a proprietor from allowing a machine to be installed in his place of business; yet it is not a tax of which the plaintiff can complain. The Code, § 84-2011, authorizing disabled or indigent veterans to peddle or conduct a business without paying license for the privilege of so doing, declares, "that the privileges hereby granted shall not be transferred to or used by any other person." We think the quoted provision of the section would be violated if we gave it a construction which would exempt the exhibitors of the plaintiff's machines from the payment of a license tax levied against them. To exempt them from the payment of the tax would be to allow third persons to use the veteran's exemption in conducting their business.

It should be clearly understood that this opinion does not mean that a municipality can in any manner make the veteran pay a license for the conduct of *his* business. If in the instant case the veteran owned the establishment exhibiting the machine and was himself the "exhibitor," he would be exempt. This exemption can not be used, however, by a third person to avoid a tax properly levied against that third person. It follows that the court did not err in sustaining the demurrer and dismissing the action.

*Judgment affirmed. All the Justices concur.*