33756.   THREADS INC. *v.* WILLIAMS.

DECIDED NOVEMBER 9, 1951.

*Hubert M. Rylee, Grady C. Pittard,* for plaintiff.
*Erwin, Nix, Birchmore & Epting,* for defendant.

FELTON, J.   The plaintiff contends that Williams was liable as a partner in the Oconee Garment Company during the time

and operation in which the credit sued on was extended for two reasons. One is that Williams is estopped by his actions to deny the existence of the partnership, and the other is that a written agreement was entered into between the parties which created a partnership. The plaintiff contends that Williams is estopped to deny the partnership because he led plaintiff's agent to believe that he was a partner in the Oconee Garment Company, and that the agent extended the credit upon that belief. The contention is without merit. The agent testified that from the time he first talked with Williams until after the credit sued on was extended, he thought the Oconee Garment Company was a corporation, and since a corporation cannot enter into a partnership unless authorized by its charter (*Hoffman* v. *Louis L. Battey Post*, 74 *Ga. App.* 403, 413, 39 S. E. 2d, 889), the agent did not extend credit on the theory that Williams was a partner in the company, and no estoppel arose.

The alleged contract which the plaintiff contends created a partnership between the defendants was in the form of a letter that bore the letterhead of the Oconee Garment Company and was as follows: "Mr. Paul Williams, Athens, Ga. Dear Mr. Williams: Confirming our conversation of today, this will confirm our arrangements with you on our contract for 150,000 pair of wool trousers which we are to manufacture for the United States Army Quartermaster under their Bid No. QM-30-280-49-192. We have secured this bid at a price of $1.02 per pair on which we are paying our New York representative a commission of .03c per pair. It is understood that you will finance the necessary payrolls covering approximately the first eight weeks of this contract. For your consideration for this service we certify: 1. We assign the invoices to you to cover the advances which you have made against this contract up to $7.80 per dozen. 2. We certify that you will receive from the net earnings the first $5000 or 50% of the net earnings at your option. Yours very truly, Oconee Garment Company, John W. Marshall, Arthur S. Cofer." Other evidence seeking to establish a partnership was that Williams advanced money for the payroll under the contract and had a lien on the invoices as paid by the quartermaster; that instead of being reimbursed for the advances from every check that was received, Williams allowed the

company to buy some new machinery with his lien on the checks attaching to the machinery; and that Williams was never reimbursed for all that he advanced. Assuming for the sake of argument that the letter constituted the agreement between the parties by being accepted and acted upon, the evidence failed to establish the existence of a partnership, but establishes that Williams advanced money as a loan and was to be compensated therefor by a share in the profits. Joint interest in the partnership property, or joint interest in the profits and losses of the business, constitutes a partnership as to third persons, and a common interest in profits alone shall not. Code, § 75-102; *Moore* v. *Harrison,* 202 *Ga.* 814, 819 (44 S. E. 2d, 551). The alleged contract did not mention losses. The plaintiff did not prove that Williams was to share in the losses of the business or that he actually did share in any losses. The mere fact that Williams did not recoup all that he advanced on the payrolls does not mean that he shared in partnership losses or agreed to do so. The fact that one is to receive a portion of the profits of a business as payment for services rendered in the execution of such business does not render him a partner in the business. *Thornton* v. *McDonald,* 108 *Ga.* 3 (2) (33 S. E. 680); *Dawson Nat. Bank* v. *Ward,* 120 *Ga.* 861 (48 S. E. 313); *Allgood* v. *Feckoury,* 36 *Ga. App.* 42 (135 S. E. 314); *Hannifin* v. *Wolpert,* 56 *Ga. App.* 466 (1) (193 S. E. 8). Most courts apply the above principle to cases where one advances money for use in a business and receives as compensation for such use a share in the profits of the business. 40 Am. Jur. § 57, p. 169. As to the intent of the parties, the defendants Williams and Marshall both testified that the defendants never entered into a partnership agreement.

The plaintiff had the burden of proving the partnership (Code § 75-313; *Cowart* v. *Fender,* 137 *Ga.* 586 (5), 73 S. E. 822), and having failed to prove the existence of a partnership between the defendant Williams and the defendants Marshall and Cofer, or that the defendant Williams was estopped to deny a partnership, a verdict was demanded for the defendant Williams, and it thus becomes unnecessary to consider the special grounds of the amended motion for a new trial.

The court did not err in overruling the amended motion for a new trial.

*Judgment affirmed. Sutton, C.J., and Worrill, J., concur.*