## 52268. TIME FINANCIAL SERVICES, INC. v. HEWITT.

MCMURRAY, Judge.

In 1973 and prior thereto William Ray Timmons was in the business of selling mobile homes doing business as Timmons Mobile Home Sales. He "floor planned" the mobile homes with Time Financial Services, Inc. At that time C. B. Hewitt, Jr. was in the same type of business in a lot adjacent to Timmons doing business as a partnership with another as Metro Mobile Homes. The

trailers on this lot were "floor planned" with another financial institution. Around February, 1974, Hewitt and his partner sold Metro Mobile Homes to Timmons. In order to accomplish this, Timmons executed two notes in the amount of $50,000 each to two separate banks, both notes being guaranteed by the sellers. Title to the property was to be transferred when Timmons had fully paid for it. A part of the $100,000 received was paid on indebtedness of Metro Mobile Homes and some on debts of Timmons. The remainder of the money was deposited in the bank account of Metro Mobile Homes.

Timmons thereafter got into financial difficulties and in particular with Time Financial Services, Inc., its "floor planner," for selling mobile homes "out of trust." He attempted at that time to get Hewitt to finance him further and due to a possible or claimed "breakdown in communication or a misunderstanding" Timmons was under the impression that he and Hewitt had become partners. Application was made for additional floor planning with Time Financial Services, Inc. and Hewitt's name was signed to several papers, including a guaranty agreement showing Hewitt and Timmons as partners doing business as Timmons Mobile Homes.

Timmons thereafter went into bankruptcy and it was necessary for Hewitt and his partner in Metro Mobile Homes to purchase the indebtedness against the notes signed by them with Timmons in the purchase of Metro Mobile Home Sales.

Time Financial Services, Inc. then sued Hewitt contending he was a partner in Timmons Mobile Home Sales for an alleged indebtedness with reference to missing equipment on repossessed homes, default under the terms of a note and agreement in failing to pay interest and insurance, and in failing to pay the plaintiff monies obtained in the sale of five mobile homes. After extensive discovery, defendant moved for summary judgment which was granted. Plaintiff appeals. *Held:*

1. To constitute a partnership as to third persons there must be a joint interest in the partnership property or joint interest in the profits and losses of the business. A common interest in the profits alone does not constitute a partnership. Code § 75-102; *Floyd v.*

*Kicklighter,* 139 Ga. 133 (76 SE 1011); *Smith v. Hancock,* 163 Ga. 222, 230 (136 SE 52).

2. A joint venture or undertaking for profit occurs when there exist rights of mutual control as to the conduct of the various members of the enterprise. *Holland v. Boyett,* 212 Ga. 458 (1) (93 SE2d 662); *Security Development &c. Co. v. Williamson,* 112 Ga. App. 524, 525 (145 SE2d 581).

3. Here the relationship of borrower and lender was admittedly established as to Hewitt and Timmons, but such a relationship does not establish a joint venture. See *Gainesville Carpet Mart v. First Fed. &c. Assn.,* 121 Ga. App. 450 (2) (174 SE2d 230). See also *Helms v. Young,* 130 Ga. App. 344 (203 SE2d 253).

4. Repayment of loans out of profits from the sale of retail items in which title remains in the lender does not create a situation involving participation in the profits of the business. *Threads, Inc. v. Williams,* 84 Ga. App. 804 (67 SE2d 591); *Castleberry v. Gold Agency,* 124 Ga. App. 694 (185 SE2d 557).

5. The evidence here shows an execution of documents in which the defendant's name was signed thereto as partner. Hewitt denied signing them. Timmons testified that he signed same without authority under the belief that the defendant Hewitt was his partner. One of these instruments was a guaranty of dealer obligations which was executed before a notary public. The notary public was not produced as a witness.

But there is also in the record an affidavit of a former employee of the plaintiff that between January, 1974, and June, 1974, he had multiple conferences with both Hewitt and Timmons in which Hewitt was held out "as the new partner," who acknowledged same and acted in all respects as his (Timmons') business partner. In addition, he testified Hewitt gave Timmons a cashier's check for more than $20,500.00 to pay interest and curtailments on certain loan obligations. Other evidence also discloses that executed promissory notes were signed and the sums accrued turned over to the exclusive control of the defendant Hewitt from which account obligations incurred by Timmons were paid. A person who permits himself to be held out as a partner in a business will be

bound for the partnership contracts. See *Carlton v. Grissom & Co.,* 98 Ga. 118 (2) (26 SE 77). Such a person is estopped to deny any connection with the partnership. *Mims v. Brooks & Co.,* 3 Ga. App. 247, 249 (59 SE 711).

6. The above evidence must be construed most favorably to the party opposing the motion for summary judgment. *Watkins v. Nationwide Mut. Fire Ins. Co.,* 113 Ga. App. 801 (149 SE2d 749); *Montgomery v. Richards Bldg. Materials, Inc.,* 122 Ga. App. 472 (3) (177 SE2d 507). Under the conflicting testimony here an issue of fact remains for jury determination inasmuch as the evidence fails to establish that there is absolutely no right of recovery against the moving party.

*Judgment reversed. Pannell, P. J., and Marshall, J., concur.*

ARGUED JUNE 8, 1976 — DECIDED JUNE 23, 1976 — REHEARING DENIED JULY 9, 1976 —

*Araguel & Sanders, Jerry D. Sanders,* for appellant.
*Greene, Buckley, DeRieux & Jones, Ferdinand Buckley, John C. Dabney, Jr.,* for appellee.