A89A0057. SOUTHEASTERN WHOLESALE SUPPLY COMPANY, INC. v. GUEVARA.
(382 SE2d 685)

Beasley, Judge.

Southeastern brought an action against husband and wife Troy and Sherrill Guevara, "d/b/a Allstate Builders," alleging that they were indebted on an open account listed as "Allstate Builders." Sherrill's answer denied the material allegations of the complaint and counterclaimed for malicious use and abuse of process. She moved for summary judgment as to the claim against her and through discovery sought to establish that her participation in any dealings with Southeastern was on behalf of a company known as "Southland Contractors" or "Southland Contractors, Inc." She established that she had been discharged in bankruptcy on December 11, 1986, for which she had petitioned in November 1985, and as a result Southeastern was

subsequently paid its share of the bankruptcy proceeds.

There was proof that Sherrill on behalf of her firm "Southland Contractors" signed a guaranty of payment to Southeastern in 1979. However, no showing was made that she did so on behalf of "Allstate Builders" or held herself out as acting for that company, or that Southeastern relied upon any representations by her to that effect. The court granted Sherrill's motion for summary judgment and found that the guarantee was signed by Sherrill as an owner of "Southland" and that because she filed for bankruptcy listing the indebtedness of "Southland" with Southeastern the guarantee did not pertain to "Allstate's" indebtedness.

Southeastern contends that it was error to grant summary judgment because genuine issues of material fact remain for determination. Reliance is placed upon OCGA § 14-8-16 which imposes liability when "a person, by words spoken or written or by conduct, represents himself . . . as a partner in an existing partnership" as to one to whom the representations have been made and who on the faith of such representations extended credit to the partnership. Southeastern offers a letter from Sherrill to it, written on Southland letterhead, which included money orders of May 1986 paying for part of a March 1986 invoice to Allstate. However, it was indicated on the money orders that they were from "Allstate" and there was nothing to show that she or her company acted other than as a conduit for payment sent by her for her husband and "Allstate."

Against the circumstantial evidence, there was positive evidence that Sherrill was neither an agent nor partner in "Allstate." The inferences upon which Southeastern relies are not sufficient, under the test propounded in *Allen Kane's Major Dodge v. Barnes*, 243 Ga. 776, 780 (257 SE2d 186) (1979), to sustain a verdict. Summary judgment was proper.

*Judgment affirmed. Carley, C. J., and McMurray, P. J., concur.*

DECIDED MAY 19, 1989.

*Karl J. Howe, Jr.*, for appellant.
*Louis F. Ricciuti*, for appellee.