## A96A2328. LANE v. SPRAGG et al.
### (481 SE2d 592)

Smith, Judge.

In this lawsuit, Robin Lane seeks to recover damages from Dr. C. H. Spragg ("Dr. Spragg") for the wrongdoing of Spragg's son and alleged partner, Bradley Spragg ("Bradley"). The trial court found, as a matter of law that Dr. Spragg was not his son's actual or ostensible partner and granted him summary judgment. Lane appeals from this ruling. We affirm.

Under the standard of *Lau's Corp. v. Haskins*, 261 Ga. 491, 495 (405 SE2d 474) (1991), a defendant may obtain summary judgment if he shows, by the record, an absence of evidence to support an essential element of the plaintiff's case. In determining whether the trial court properly granted summary judgment to Dr. Spragg, we review the record de novo, construing the evidence and all inferences from the evidence strongly in favor of the nonmoving party. *Denise v. Cannon*, 219 Ga. App. 765, 766 (466 SE2d 885) (1995). The record before us shows the trial court's ruling is correct.

Bradley Spragg operated "Southwood Farm" and was in the business of boarding and training horses and giving riding lessons. As part of that business, it appears Bradley acted as Lane's agent for purchase of a horse. Lane's suit involves misrepresentations Bradley allegedly made to her during the course of that purchase.

Lane claims Dr. Spragg's involvement in Bradley's business shows the two were partners or ostensible partners. The evidence shows that Dr. Spragg assisted Bradley in several ways: He co-signed the loan that allowed Bradley to purchase Southwood Farm; he co-signed the lease on Bradley's residence; he gave Bradley financial advice; and he made other personal loans and gifts to his son. Southwood's standard release of liability form also releases Dr. Spragg. In her affidavit in response to the motion for summary judgment, Lane stated Bradley told her he and his father were partners in the business. She also recalled a conversation in which Dr. Spragg stated he had "some ownership interest" in the business. By virtue of her dealings with Southwood, Lane claims she had been led to believe and "had been given the impression" that Bradley Spragg and Dr. Spragg were partners.

Dr. Spragg, however, filed an affidavit denying he and his son had any partnership arrangement. He denied sharing in the profits and losses of the business and stated his only interest in Southwood Farm was as a father and as a co-signer of the loans made to purchase the business. In his deposition, Dr. Spragg admitted telling people that he had financed his son's business; however, he denied telling anyone he and his son were in business together and denied knowledge of any instance in which Bradley represented that the two

were partners.[1]

The evidence shows, as a matter of law, that Bradley and Dr. Spragg were not actual partners. "A partnership is an association of two or more persons to carry on as co-owners a business for profit." OCGA § 14-8-6 (a). Here, direct evidence shows Bradley and Dr. Spragg were not actual partners. No inference from Dr. Spragg's aid to his son is sufficient to support a contrary conclusion. See *Andrews v. Messina*, 206 Ga. App. 742, 743-744 (2) (426 SE2d 641) (1992).

Neither does the evidence support Lane's contention that Dr. Spragg may be liable for Bradley's acts as his "ostensible" partner. By statute, a person may be bound to pay partnership liabilities when he, "by words spoken or written or by conduct, represents himself, or consents to another representing him to any one, as a partner in an existing partnership." OCGA § 14-8-16 (a); see *Andrews*, supra at 744 (3). Lane's affidavit consists primarily of conclusory allegations that Dr. Spragg somehow led her to believe he and his son were partners. However, "[i]n response to a motion for summary judgment, a party cannot rest on generalized allegations, but must come forward with specific facts to show that there is a genuine issue for trial. [Cit.]" *Ga. Recovery v. Danley*, 215 Ga. App. 236, 237 (1) (450 SE2d 263) (1994). We address those specific facts upon which Lane bases her opposition to the trial court's grant of summary judgment.

First, assuming Bradley told Lane that Dr. Spragg was his partner, that fact is immaterial in light of Dr. Spragg's uncontradicted testimony denying any knowledge of this statement or any like it. "A person who *permits* himself to be held out as a partner in a business will be bound for the partnership contracts. [Cit.]" (Emphasis supplied.) *Time Fin. Svcs. v. Hewitt*, 139 Ga. App. 270, 272-273 (5) (228 SE2d 176) (1976). See comment to OCGA § 14-8-16, noting that this statute provides for liability only where the ostensible partner *consents* to being held out as a partner. The record shows no evidence that Dr. Spragg consented to his son's statement. In the relevant cases on which Lane relies, either evidence was presented that the ostensible partner represented himself as a partner, *Pope v. Triangle Chem. Co.*, 157 Ga. App. 386, 388 (3) (277 SE2d 758) (1981); *Hewitt*, supra at 272 (5), or knew that another had represented him as a partner and failed to deny that representation, *Clarke v. Woodward*, 76 Ga. App. 181, 185-186 (45 SE2d 473) (1947).

Second, Lane interprets Dr. Spragg's statement that he had an "ownership interest" in Southwood Farm to mean he and his son were partners. This interpretation is purely speculative. "[I]n ruling

---

[1] In her brief, Lane points to Dr. Spragg's deposition testimony in which he states "we" bought Southwood Farm. On the deposition's errata sheet, however, Dr. Spragg stated that "we" should have been transcribed as "he," referring to Bradley.

on a motion for summary judgment, a finding of fact that may be inferred from, but is not demanded by, circumstantial evidence has no probative value against positive and uncontradicted evidence that no such fact exists, [cit.] provided that the circumstantial evidence may be construed consistently with the direct evidence. [Cit.]" *Copeland v. Houston County Hosp. Auth.*, 215 Ga. App. 207, 208 (450 SE2d 235) (1994). While Dr. Spragg may have had an "ownership interest" because he was financially obligated to repay the Southwood loans should Bradley default, or because he co-signed a lease with his son, these interests do not amount to a partnership. See *Hewitt*, supra at 271-272 (relationship of creditor and debtor does not create partnership). Dr. Spragg's alleged statement that he had an "ownership interest" is thus consistent with his testimony denying that he held himself out as Bradley's partner.

Under the circumstances of this case, Dr. Spragg has pierced the pleadings by offering direct evidence he had no partnership arrangement with his son and never held himself out as his son's partner or consented to be held out as a partner. Lane has failed to present specific facts creating any jury question on this issue. See *Lau's Corp.*, supra; *Southeastern Wholesale Supply Co. v. Guevara*, 191 Ga. App. 600, 601 (382 SE2d 685) (1989) (evidence established only that wife assisted husband's business). The trial court did not err in granting summary judgment.

*Judgment affirmed. Andrews, C. J., and Pope, P. J., concur.*

DECIDED FEBRUARY 12, 1997 — 

*Freed, Lester & Klorfein, William R. Lester, Benjamin I. Fink*, for appellant.

*Barnes, Browning, Tanksley & Casurella, Roy E. Barnes, John R. Bevis*, for appellees.